■ JAN CRUMB et al., Respondents, v MICHAEL W. FALLON, Appellant.—Order unanimously affirmed with costs. Memorandum: A Trial Judge should set aside a jury verdict of no cause of action only where the preponderance of evidence in favor of the plaintiff is so great that the jury could not have reached its determination upon any fair interpretation of the evidence *(Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608; *see also, Nicastro v Park,* 113 AD2d 129). Here, there was no sharp evidentiary conflict and the proof in plaintiff's favor was so overwhelming that the trial court properly determined that the verdict should be set aside.

Plaintiff was injured when she slipped and fell near the bottom of an exterior stairway in front of defendant's building. Plaintiff testified that the stairway was slippery at the time of her fall, and an ambulance attendant who responded to the scene stated that the area where plaintiff fell was icy and slippery. Earlier that morning, Dr. Parker, plaintiff's dentist, had applied deicing compound to the stairs and landing. Parker, who had been a tenant in the building for eight years, also testified that when ice accumulated on the stairway leading to his office, he would use the deicing compound. Defense counsel raised no objection when the trial court advised the jury that it was factually undisputed that the roof above the exterior stairway was so constructed that it did not fully extend over the stairs and consequently, water dripped

onto a portion of the stairs and landing; and that defendant was aware that water would drip onto the stairs and in freezing weather, would turn into ice. Defendant also did not object when the court further instructed the jury that if it found that water dripped from the roof onto the stairs and landing and that a reasonable person would have foreseen the formation of ice in freezing weather, it should find that the roof was so situated as to constitute a defective and dangerous condition. The court submitted a verdict sheet for the jury's consideration. The first question asked, "Was the roof on the defendant's building so situated that it constituted a defective and dangerous condition?" The jury unanimously responded "no" to that question, did not consider any of the remaining questions, and announced its verdict of no cause of action. Evidence that the roof was so constructed as to create the icy condition on the stairway was virtually uncontroverted, and the court correctly determined that the jury's verdict was not supported by any fair interpretation of the evidence. (Appeal from order of Supreme Court, Onondaga County, Lowery, J.—set aside verdict.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.