■ ANNE ARBUTINA, Individually and as Administratrix of the Estate of JOSEPH ARBUTINA, Deceased, Respondent, v KUMARAN BAHULEYAN, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Defendant Kumaran Bahuleyan, M.D. appeals from a judgment and order which reduced

a jury verdict against him to reflect setoffs required by General Obligations Law § 15-108. Plaintiff commenced this medical malpractice action against Drs. Bahuleyan, O'Connell, Alfano and Hudson, and against Sisters of Charity Hospital, seeking damages for the wrongful death and conscious pain and suffering of the decedent. During trial, a settlement in the amount of $250,000 was reached with the hospital and all of the doctors except Bahuleyan. The settling parties agreed that $235,000 of the total settlement was in satisfaction of the wrongful death claim and that the remaining $15,000 was in satisfaction of the claim for conscious pain and suffering. It was agreed by the settling parties that the contribution of each would be as follows: wrongful death claim—hospital $85,000, O'Connell, Alfano and Hudson $150,000; conscious pain and suffering claim—hospital $5,000, O'Connell, Alfano and Hudson $10,000. Following settlement, a trial was ordered to determine the liability of Bahuleyan solely on the conscious pain and suffering claim. (The wrongful death claim against Bahuleyan had been dismissed as time barred.) At that trial, a jury verdict was rendered awarding plaintiff $265,000. Liability was apportioned by the jury at 55% to Bahuleyan, 10% to Alfano, 30% to O'Connell, 5% to the hospital, and 0% to Hudson.

A posttrial hearing pursuant to CPLR 4533-b was held, after which the court reduced the verdict to $135,750 ($265,000 [verdict] less $79,500 [O'Connell's equitable share of liability] less $26,500 [Alfano's equitable share] less $13,250 [hospital's equitable share] less $10,000 [the doctors' settlement of the pain and suffering claim, which settlement was attributed 100% to Hudson]). Judgment was entered accordingly.

Bahuleyan contends that the verdict was against the weight of evidence. In order to set aside the verdict as contrary to the weight of evidence, we would have to find that the evidence so preponderates in favor of Bahuleyan that the verdict could not be reached upon any fair interpretation of the evidence *(see, Crumb v Fallon,* 156 AD2d 949; *Kuncio v Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608). Plaintiff's experts testified that Bahuleyan's treatment of decedent deviated from accepted standards of medical care in that he failed to do a preoperative rectal exam, failed to diagnose a rectal tumor, and failed to diagnose a spinal tumor. Thus defendant's contention is without merit.

Bahuleyan's claim that the verdict is excessive is also without merit. The jury verdict does not deviate materially from what would be reasonable compensation *(see,* CPLR 5501

[c]; L 1986, ch 682, § 10). The decedent was subjected to 47 days of excruciating pain, including being forced to submit to surgery without general anesthesia.

There is also no merit to Bahuleyan's contention that the verdict should be reduced further because the settlement between the other tort-feasors was a sham. The trial court properly found that the settlement was made in good faith and that the $235,000 allocated to the wrongful death claim had a reasonable basis (see, Hill v St. Clare's Hosp., 67 NY2d 72). Lastly, Bahuleyan contends that the trial court erred in not reducing the verdict to zero by crediting the $250,000 settlement plus the settling tort-feasors' share of 45% as found by the jury, or in the alternative, reducing the verdict by the total settlement of $250,000. General Obligations Law § 15-108 provides that when a release is given to one of two or more tort-feasors, the releaser's claim against the other tort-feasors is reduced, inter alia, by the amount of the released tort-feasors' equitable share of the damages under CPLR article 14. In view of our determination that the settlement was made in good faith and that the amount of the settlement for the wrongful death claim was reasonable, only the $15,000 settlement for conscious pain and suffering claim need be considered because the claims are predicated upon different theories of loss accruing to different parties (see, Ratka v St. Francis Hosp., 44 NY2d 604, 609). When comparing the $15,000 settlement with the settling tort-feasors' equitable share of damages as found by the jury, it is clear that the reductions made by the trial court were proper. (Appeal from judgment of Supreme Court, Erie County, Dadd, J.—wrongful death.) Present—Denman, J. P., Pine, Lawton, Davis and Lowery, JJ.