■ GORDON M. BOLLES et al., Respondents, v COUNTY OF CATTARAUGUS et al., Appellants, et al., Defendants. (Appeal No. 2.)—Order unanimously reversed on the law with costs and verdict reinstated. Memorandum: A Trial Judge should set aside a jury verdict of no cause of action only where the preponderance of evidence in favor of the plaintiff is so great that the jury could not have reached its determination upon any fair interpretation of the evidence *(Crumb v Fallon,* 156 AD2d 949; *Kuncio v Fillmore Hosp.,* 117 AD2d 975, *lv denied* 68 NY2d 608). The motion is addressed to the discretion of the trial court *(Micallef v Miehle Co.,* 39 NY2d 376) but the court should be guided by the rule that, if the verdict is one which reasonable men could have rendered after receiving conflicting evidence, the court should not substitute its judgment in place of the verdict *(Harris v Armstrong,* 97 AD2d 947, *affd* 64 NY2d 700).

Here, there is sufficient credible evidence in the record to support a finding that the volunteer firemen from defendant Great Valley Fire District No. 2 acted reasonably under the circumstances. Additionally, the jury could reasonably have found that the accident was solely the result of the plaintiff's own conduct. Finally, the jury could reasonably have found that the defendant County of Cattaraugus responded timely to correct the danger once it had notice of the condition. Consequently, it was unreasonable for the trial court to set aside the jury verdict on the ground that it was against the weight of evidence *(see, Kuncio v Fillmore Hosp.,* 117 AD2d 975, *lv denied* 68 NY2d 608, *supra).*

We also note that the trial court erred in conditioning a new trial on defendant's failure to pay plaintiff a sum of money. It is the province of the jury and not the trial court to assess damages. (Appeal from order of Supreme Court, Catta-

raugus County, Horey, J.—set aside verdict.) Present—Dillon, P. J., Green, Lawton, Davis and Lowery, JJ.