■ In the Matter of PATRICK E. GRANGER, Petitioner, v JULIAN F. KUBINIEC, as Justice of the Supreme Court of the State of New York, Respondent.—Petition unanimously dismissed without costs. Memorandum: Petitioner seeks a writ of prohibition disqualifying respondent, a Supreme Court Justice, from presiding over the trial of petitioner on Erie County indictment No. 89-0785-001 and for a declaration nullifying all pretrial motions decided by him upon the ground that respondent's wife is an Assistant District Attorney of Erie County. Respondent declined to recuse himself from the case because it is being prosecuted by the Deputy Assistant Attorney-General in charge of the Organized Crime Task Force, not the Erie County District Attorney.

"[T]he extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction *(Matter of Steingut v Gold,* 42 NY2d 311, 315; *Matter of Dondi v Jones,* 40.NY2d 8, 13; *La Rocca v Lane,* 37 NY2d 575, 578-579; *Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Proskin v County Ct.,* 30 NY2d 15, 18; *Matter of Lee v County Ct.,* 27 NY2d 432, 436-437)" *(Matter of Rush v Mordue,* 68 NY2d 348, 352-353).

Here, there is no conflict requiring respondent to disqualify himself; even if there were, however, prohibition would not lie. (Original art 78 proceeding.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ In the Matter of JOSEPH F. MUTO, an Attorney.—Resignation accepted and name stricken from roll of attorneys. Present—Dillon, P. J., Callahan, Doerr, Boomer and Green, JJ.

■ GORDON M. BOLLES et al., Respondents, v COUNTY OF CATTARAUGUS et al., Appellants, et al., Defendants. (Appeal No. 2.)—Motion for reargument granted, and upon reargument, award of costs stricken. Present—Dillon, P. J., Green, Lawton and Davis, JJ. *[See,* 162 AD2d 975.]