■ WANDA L. CANFIELD et al., Appellants, v JENNIFER A. GILES, Respondent. (Appeal No. 1.)—Judgment affirmed without costs. Memorandum: There is no merit to plaintiffs' contention that they were entitled to a directed verdict as a matter of law, or that the verdict for defendant should be set aside.

■ WANDA L. CANFIELD et al., Appellants, v JENNIFER A. GILES, Respondent. (Appeal No. 2.)—Order affirmed without costs. Same Memorandum as in *Canfield v Giles* ([appeal No. 1] 182 AD2d 1075 [decided herewith]).

All concur, except Fallon, J., who dissents and votes to reverse in the following Memorandum.

Fallon, J. (dissenting). I respectfully dissent. Supreme Court abused its discretion in denying plaintiffs' motion to set aside the jury verdict of no cause of action. In this case the preponderance of evidence in favor of plaintiffs was so great that the jury could not have reached its determination upon any fair interpretation of the evidence (see, Crumb v Fallon, 156 AD2d 949). Here, defendant acknowledged that from the time she left work, she was aware that the roads were covered with snow and were slippery. She acknowledged further that there was no change in the road or weather conditions. Before the accident, defendant brought her car to a complete stop at an intersection 10 car lengths behind plaintiff wife's vehicle, which she observed was stopped at the next intersection. The uncontroverted testimony was that defendant started up, proceeded five car lengths or so, put on her brakes and slid into plaintiff wife's vehicle. Her vehicle never moved from the time it was observed by the defendant until it was impacted from the rear by defendant's vehicle. The determination that the defendant was, under these circumstances, totally blameless is not supported by any fair interpretation of the evidence. The majority's reliance on Vadala v Carroll (91 AD2d 865, affd 59 NY2d 751), is misplaced. This is not a case where defendant's vehicle skidded out of control in striking plaintiff wife's vehicle. Consequently, I would reverse and grant plaintiffs' motion for a new trial. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Set Aside Verdict.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.