■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT EDWARDS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Aiello, J.), both rendered October 25, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts) under Indictment No. 5815/89, upon a jury verdict, and assault in the first degree under Indictment No. 2185/89, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the trial court erred in its *Sandoval* ruling by permitting him, in the event he testified, to be cross-examined regarding a prior felony conviction for weapons possession. He maintains that inquiry into the prior conviction should have been precluded as unduly prejudicial because of the similarity between that crime and the offenses with which he was charged in this case. The contention is factually erroneous and lacks merit. The record demonstrates that the court's ruling with respect to this crime was extremely limited, inasmuch as it only permitted the prosecutor to inquire as to whether the defendant had been convicted of a felony and precluded questioning regarding the nature of the conviction and the underlying facts. Accordingly, the court obviated the potential for prejudice to the defendant, and we discern no impropriety in its *Sandoval* ruling (see, e.g., People v Harvey, 174 AD2d 754).

We also disagree with the defendant's contention that his guilt was not proven beyond a reasonable doubt. Viewing the evidence adduced at trial in a light most favorable to the

People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either without merit or unpreserved for appellate review (CPL 470.05 [2]). Thompson, J. P., Sullivan, O'Brien and Santucci, JJ., concur.