■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAINE C. HARRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered March 1, 1991, convicting him of attempted robbery in the third degree and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Sandoval ruling, which would have allowed the prosecutor to ask the defendant if he had previously been convicted of any crimes and whether the crimes were misdemeanors or felonies, without eliciting the underlying facts or specifying the convictions, was favorable to the defendant (see, People v Jay, 187 AD2d 454; People v Edwards, 186 AD2d 218; People v Johnson, 137 AD2d 719, 720). The defendant's prior convictions, many of which were theft-related, were highly relevant on the issue of credibility, and the hearing court's ruling assured that the jury would not use the information as evidence of his propensity to commit the crimes for which he was charged (see, People v Johnson, supra, at 720).

Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the triers of fact, who saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Their determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions

and find that they are without merit or do not warrant reversal. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.