■ DONNA GUARINO, Appellant, v STEVEN WOODWORTH et al., Respondents. [611 NYS2d 638] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Lefkowitz, J.), entered March 13, 1992, which, upon a jury verdict, is in favor of the defendants and against the plaintiff.

Ordered that the judgment is affirmed, with costs.

On the afternoon of March 14, 1986, a car driven by the plaintiff Donna Guarino collided with a Coca-Cola tractor trailer driven by the defendant Steven Woodworth and owned by Ryder Truck Rental, at the intersection of Route 287 and Route 9A, in Elmsford, New York. At the time of the collision, the Woodworth vehicle was traveling southbound on Route 9A and the Guarino vehicle was attempting to make a left-hand turn from the exit ramp of Route 287 onto the southbound

lane of Route 9A. When the police arrived at the scene, Woodworth was issued a summons for passing through a red traffic signal. He subsequently pleaded guilty to the traffic infraction. At trial, the plaintiff testified that the light turned green before she attempted to make the left-hand turn onto Route 9A. Woodworth testified that while traveling on Route 9A, he saw the traffic signal turn from green to yellow and then passed through the intersection while the light was yellow. Woodworth also testified that he pleaded guilty to the traffic offense because payment of the ticket was less costly and more convenient than traveling to New York from his residence in Maine. The jury found that Woodworth was not negligent. The plaintiff unsuccessfully moved to set aside the verdict.

Initially, we note that the fact that defendant Woodworth pleaded guilty to the traffic offense does not establish negligence. It is well settled that a person who pleads guilty to a traffic offense is permitted to explain the reasons for the plea, and it is for the jury to decide what weight, if any, to give to the testimony *(see, Ando v Woodberry,* 8 NY2d 165, 171; *Canfield v Giles,* 182 AD2d 1075).

We find that the jury verdict absolving the defendants from responsibility for the accident was based upon a fair interpretation of the evidence *(see, Bunyavong v Borassi,* 201 AD2d 525; *Nicastro v Park,* 113 AD2d 129), and thus the trial court properly denied the plaintiff's motion to set aside the verdict. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.