OPINION OF THE COURT
Alan D. Oshrin, J.
Ordered that the defendant, Nicholas Pilato’s, in limine motion to preclude the introduction of any evidence as to the issuance of traffic summonses and the guilty plea entered thereon is denied; and it is further ordered that the defendant, Nicholas Pilato’s, in limine motion to preclude the introduction into evidence of the July 3, 1992 investigation report and July 23, 1992 accident resolution report of the Public Transportation Safety Board is granted.
*323 The defendant, Nicholas Pilato, has moved in limine for the preclusion of the introduction of evidence as to the issuance of traffic summonses and the guilty plea entered thereon and the introduction of the July 3, 1992 investigation report and the July 23,1992 accident resolution report of the Public Transportation Safety Board.
The motion as pertains to the issuance of summonses and the entry of a guilty plea is denied. It is well settled that a plea of guilty to a traffic offense is some evidence of negligence, but does not establish negligence; and that the person who pleads guilty to a traffic offense is permitted to explain the reasons for the plea, and it is for the jury to evaluate the testimony and decide what weight, if any, to give to the plea (see, Ando v Woodberry, 8 NY2d 165 [1960]; Guarino v Woodworth, 204 AD2d 391 [1994]; McGraw v Ranieri, 202 AD2d 725 [1994]; Canfield v Giles, 182 AD2d 1075 [1992]). Mr. Pilato, therefore, will be afforded the opportunity at trial to explain the reasons for entering a guilty plea as to Vehicle and Traffic Law § 1171, inadequate road clearance violation, and any misunderstanding he might have been under at the time.
The motion as pertains to the July 3, 1992 investigation report and July 23, 1992 accident resolution report is granted. In order to offer either of these reports for the truth of their contents, the reports would have to fall under the business records exception to the rule against hearsay (CPLR 4518 [a]), or the public document exception to the rule against hearsay (CPLR 4520).
To admit a record under the CPLR 4518 (a) business records exception for the truth of its contents, four foundational elements must be satisfied. It must be shown that the document or record was made in the regular course of business; that it was the regular course of such business to make the record; that the record was made at the time of the act or occurrence recorded or within a reasonable time thereafter, and that the person who made the record had actual knowledge of the event recorded or received the information from someone within the business who had actual knowledge and was under a business duty to report the event to the maker of the record or if the statement of an outsider within the business record satisfies an independent hearsay exception (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4518:l). To make this showing requires testimony from a sponsoring witness, someone from within the particular business such as the author, a records custodian or other employee *324 who can testify as to the nature of the record-keeping practices of the business (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4518:2; Prince, Richardson on Evidence § 8-306 [Farrell 11th ed]).
The rules of the State Public Transportation Safety Board provide at 17 NYCRR 990.15 (formerly § 1000.15) with respect to the giving of testimony by a member of the board or its staff that: "Except as provided in this section, no member of the board or its staff shall be compelled or permitted to testify in any litigation involving any matter which is or was subject to an investigation by the board, either during or subsequent to such investigation, unless the board is a party to such litigation. Testimony of members of the board’s staff may be available for use in actions or suits for damages arising out of accidents investigated by the board, through depositions or written interrogatories only. Depositions may only be taken at the board’s main office, unless the board agrees to a deposition at another location. Depositions must be on notice to all parties, and must be at a time convenient to the board. Members of the board’s staff may be compelled to submit to a deposition only once in connection with any accident investigation, and consequently, when more than one lawsuit arises, it shall be the duty of counsel seeking the deposition to ascertain the identity of all parties and to notify them to afford them opportunity to participate in the deposition.” By operation of this rule no one from the State Public Transportation Safety Board may be compelled to give trial testimony in any litigation involving a matter which the Board has investigated. No party, therefore, who would be inclined to introduce the July 3, 1992 or July 23, 1992 reports into evidence will be able to lay the requisite foundation under the CPLR 4518 (a) business records exception to the rule against hearsay.
With respect to the CPLR 4520 public documents exception, the court notes initially that the admissibility of a government investigative report under this provision has not been definitively addressed in New York (see, Cramer v Kuhns, 213 AD2d 131 [1995], lv dismissed 87 NY2d 860 [1995]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4520:3). The court also notes that it has been suggested that the New York courts may derive some guidance on the issue from examining the Federal counterpart to CPLR 4520, Federal Rules of Evidence, rule 803 (8) (C) and the judicial treatment thereof (see, Cramer v Kuhns, 213 AD2d 131, supra; Alexander, Practice Commentaries, McKinney’s Cons Laws of *325 NY, Book 7B, CPLR C4520:3). Rule 803 concerns exceptions to the rule against hearsay and. subdivision (8) concerns public records and reports. The subdivision-provides in pertinent part that "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth * * * (C) in civil actions and proceedings * * * factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness”, will not be excluded as hearsay. Although the Federal rule speaks only of the admissibility of investigatory reports containing factual findings, the Supreme Court of the United States has interpreted the rule broadly to permit opinions and conclusions contained in such reports (Beech Aircraft Corp. v Rainey, 488 US 153 [1988]). The Court reasoned that the significant inquiry is as to trustworthiness and not the arbitrary distinction as to fact or opinion, holding that "a trial judge has the discretion, and indeed the obligation, to exclude an entire report or portions thereof— whether narrow 'factual’ statements or broader 'conclusions’ ” are determined to be untrustworthy (supra, at 167). The Court then noted the nonexclusive list of four factors proposed by the Advisory Committee as helpful in determining trustworthiness: (1) the timeliness of the investigation; (2) the investigator’s skill and experience; (3) whether a hearing was held, and (4) possible bias when reports are prepared with a view to possible litigation. The admission of a government report under Federal Rules of Evidence, rule 803 (8) (C) is committed to the trial court’s sound discretion and will hinge upon whether the hearsay document offered in evidence has sufficient independent indicia of reliability to justify its admission (see, Cramer v Kuhns, 213 AD2d 131, supra; City of New York v Pullman, Inc., 662 F2d 910 [1981], cert denied sub nom. Rockwell Intl. Corp. v City of New York, 454 US 1164 [1982]).
For the reasons discussed below, the court finds that the July 3, 1992 and the July 23, 1992 reports are not sufficiently trustworthy to be admissible under the CPLR 4520 public documents exception to the rule against hearsay. Neither the July 3rd report nor the July 23rd report which derived therefrom, sets forth who performed the investigation; the skill and experience of the investigators and whether testimony was adduced at a hearing. There is no mention of the speed at which the train was travelling; the speed limit at that portion of track; visibility; lighting conditions; weather conditions, and whether the train’s headlight was on, and, if so, at what level of bright *326 ness. There is no mention of the proper procedure for sounding the horn and/or beginning to apply the brakes when a vehicle is observed on the tracks. There is no mention of the timing and distance of the engineer’s placing the brakes in emergency stop; why the engineer did not apply the regular brakes rather than simply sound the horn when first sighting the truck on the tracks, and the relation between speed and stopping distances. The July 3rd investigation report is silent as to any conduct on the part of the engineer which may have been the primary possible cause or contributing possible cause for the occurrence. The investigation report and the conclusions as to causality are inherently flawed and unreliable by their incompleteness and lack the requisite trustworthiness to qualify as an exception to the rule against hearsay. Further, there is no mention whether the truck cab and trailer would have cleared the crossing if the crossing had been properly graded, there being a six-inch difference between the grade of the Orchard Road crossing and the American Railway Engineering Association guidelines for grade crossings of that type.
The determination as to any lack of trustworthiness is within the sound discretion of the trial court (see, In re Air Disaster at Lockerbie Scotland, 37 F3d 804 [1994], cert denied sub nom. Pan Am. World Airways v Pagnucco, 513 US 1126; Gentile v County of Suffolk, 926 F2d 142 [1991]). Hearings on the issue of trustworthiness are not mandatory (see, Gentile v County of Suffolk, 926 F2d 142, supra). Given all of the negative factors as to the July 3rd report, as discussed above, this court is convinced that the July 3rd and July 23rd reports should not be admitted into evidence under the public documents exception to the rule against hearsay (see, Gentile v County of Suffolk, 926 F2d 142, supra).