■ JERZY KAMINSKI, Appellant, v MODERN ITALIAN BAKERY OF WEST BABYLON et al., Defendants and Third-Party Plaintiffs-Respondents. COUNTY OF SUFFOLK, Third-Party Defendant. [704 NYS2d 275] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of a judgment of the Supreme Court, Suffolk County (Berler, J.), entered December 7, 1998, as, upon a jury verdict on the issue of liability, is in favor of the defendants and dismissed the complaint, and (2) an order of the same court, entered February 5, 1999, which denied his motion pursuant to CPLR 4404, *inter alia*, to set aside the verdict.

Ordered that the order is reversed, on the law, the judgment is vacated, the motion pursuant to CPLR 4404 is granted to the extent that the verdict is set aside and a new trial is ordered, with costs to abide the event.

This Court has the power to "set aside a jury verdict and grant a new trial when the jury's determination is palpably incorrect and a substantial injustice would be done if the verdict were sustained" (*Pinto v Pyramid Tire*, 193 AD2d 723, 724, citing *Nordhauser v New York City Health & Hosps. Corp.*, 176 AD2d 787, 789). Weight of the evidence analysis involves a balancing of many factors (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 498-499). The operative factor in the determination whether a jury's verdict should be set aside is a finding that the jury could not have reached that verdict by any fair interpretation of the evidence (*see, Nicastro v Park*, 113 AD2d 129, 134).

Upon our review of the evidence in this case, we conclude that the jury's verdict that the defendant Michael J. Cabales was not negligent does not rest upon a fair interpretation of the credible evidence. The evidence established that Cabales should have been able to see the intoxicated plaintiff as he lay in the roadway ahead of his delivery van, but that he failed to do so. Once the left front tire of the van made contact with the plaintiff's head, Cabales tried to force his way past the object impeding his path without attempting to ascertain the identity of that object, thus causing the plaintiff to sustain severe, deforming injuries. In light of all of the evidence, the jury's verdict in favor of the defendants on the issue of liability did not rest upon a fair interpretation of the credible evidence, and a new trial is therefore warranted pursuant to CPLR 4404 (a).

We note that upon the retrial, counsel for the third-party de-

fendant, County of Suffolk, shall refrain from repeating her prejudicial, inflammatory remarks which were designed to, and did, impugn the plaintiff's character, by referring to irrelevant matters such as his immigration status and alcohol abuse, as this likely tainted the jury's verdict. Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.