*98 OPINION OF THE COURT
Yvonne Gonzalez, J.
This action arose as a result of personal injuries sustained in a vehicular accident by New York Police Department Detective Maximo Guerra (hereinafter Guerra), while responding to an assignment on June 4, 1993. Guerra was a front-seat passenger and Detective Rochester was the operator of a police vehicle that collided with a vehicle operated by codefendant, Jose A. Candanedo (hereinafter Candanedo), and owned by codefendant, Racal Construction Corp. (hereinafter Racal). Guerra commenced an action against defendants based upon negligence and General Municipal Law § 205-e and Guerra’s wife, coplaintiff, Yrma X. Guerra, commenced an action for loss of services against defendants. General Municipal Law § 205-e provides, inter alia, that in addition to any other right of action or recovery a police officer may have, the police officer has a cause of action against anyone who is negligent and fails to comply with a requirement of a statute, ordinance or rule.
In December of 1999, Guerra settled his claims against Ra-cal and Candanedo for $225,000. The settlement between Guerra and codefendants, Racal and Candanedo (hereinafter settlement), provided that 90% of the settlement amount was for compensation in the first cause of action based upon common-law negligence, and 10% was for compensation in the second cause of action based upon General Municipal Law § 205-e. Yrma Guerra settled her derivative claim for $25,000.
At trial the remaining codefendant, the City of New York (hereinafter the City), defended against Guerra’s claims. On July 7, 2000, the jury awarded Guerra $100,000 for past pain and suffering, and $200,000 for past lost wages. Noteworthy was the jury’s apportionment of comparative liability of zero percent for the settling codefendant, Candanedo. The City moves for an order reducing the verdict on account of the prior settlement pursuant to General Obligations Law § 15-108 and moves for a collateral source reduction of the past lost earnings pursuant to CPLR 4545 (b).
With respect to the CPLR 4545 (b) collateral source reduction, it is undisputed that the entire $200,000 awarded for past lost earnings must be reduced to no award on account of the City’s past payment of pension benefits of $277,677.
With respect to General Obligations Law § 15-108, subdivision (a) provides: “When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons *99 liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor’s equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.”
The City contends that the past pain and suffering award of $100,000 must be reduced by the entire $225,000 received in the settlement, resulting in no award to Guerra. In opposition, Guerra contends that the jury award of $100,000 should be reduced by 10% of the $225,000 settlement, that is, a $22,500 reduction, leaving an award to Guerra of $77,500. Guerra reasons that since he withdrew his common-law cause of action prior to opening statements at trial and proceeded only on his General Municipal Law § 205-e cause of action, the jury award of $100,000 was exclusively for his General Municipal Law § 205-e cause of action. Thus, Guerra argues, the $202,500 apportioned in the settlement to Guerra’s common-law cause of action cannot offset the jury award based on a General Municipal Law § 205-e claim.
However, it is the apportionment of settlement proceeds related to different categories of loss which is relevant to a General Obligations Law § 15-108 reduction, not apportionment among different theories of liability. In the case cited by Guerra, Arbutina v Bahuleyan (159 AD2d 973 [4th Dept 1990]), the settlement amount was apportioned to causes of action related to different categories of loss, wrongful death and conscious pain and suffering. The apportionment of the preverdict settlement proceeds between two causes of action related to liability has no relevance to a General Obligations Law § 15-108 reduction. Otherwise, plaintiffs could receive windfalls from preverdict settlements that are apportioned to causes of action related to theories of liability that are not brought against the nonsettling defendants at trial, thereby allowing plaintiffs to recover monetary damages in excess of the plaintiffs’ actual loss as determined by a jury verdict. “Plaintiffs are entitled to be made whole, as determined by the trier of fact, but have no right to overcompensation.” (Rohring v City of Niagara Falls, 84 NY2d 60, 67 [1994].)
Accordingly, the City’s motion for an order statutorily reducing the jury award pursuant to General Obligations Law *100 § 15-108 and for a collateral source reduction of the past lost earnings pursuant to CPLR 4545 (b) is granted. For the aforesaid reasons, the jury award of July 7, 2000 for $100,000 for past pain and suffering and $200,000 for past lost wages in favor of Guerra is hereby reduced to no award for past pain and suffering and no award for past lost wages.