■ GEORGE ROCKMAN, Appellant, v MATTHEW T. BROSNAN et al., Respondents. [720 NYS2d 538] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a purported interlocutory judgment of the Supreme Court, Suffolk County (Underwood, J.), entered February 23, 2000, on the issue of liability, and (2) a judgment of the same court, entered March 20, 2000, which, upon a jury verdict and upon the denial of his oral application pursuant to CPLR 4404 to set aside the verdict and for judgment in his favor as a matter of law, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the appeal from the purported interlocutory judgment is dismissed, without costs or disbursements, as it is a jury verdict embodied in an extract of the trial minutes, which is not appealable; and it is further,

Ordered that the judgment is modified, on the facts, by (1) deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Lewis C. Kirschner, as Public Administrator of Ulster County o/b/o Glen Heathers, and (2) adding thereto a provision severing the action against the remaining defendants; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability as to the defendant Lewis C. Kirschner, as Public Administrator of Ulster County o/b/o Glen Heathers.

The instant case arose out of two separate traffic accidents involving a car driven by the plaintiff and cars driven by the defendant Matthew T. Brosnan and the decedent Glen Heathers. After a trial on the issue of liability, the jury found that neither Brosnan nor Heathers was negligent. The plaintiff made an oral application to set aside the verdicts and for judgment in his favor as a matter of law. The trial court denied the application in all respects.

A jury's verdict should be set aside only if it could not have

been reached by any fair interpretation of the evidence (*see, Kaminski v Modern Italian Bakery,* 270 AD2d 232; *Nicastro v Park,* 113 AD2d 129, 134). In connection with the accident with the plaintiff, Heathers pleaded guilty to a violation of Vehicle and Traffic Law § 1140 (a) based on his failure to yield the right of way. Heathers at that time did not explain the reasons for his plea or offer a sufficient excuse for his conduct (*see, Ando v Woodberry,* 8 NY2d 165; *Guarino v Woodworth,* 204 AD2d 391). Furthermore, at Heathers' examination before trial, which was read to the jury as a result of his death, he testified that he did not see the plaintiff's car when he proceeded into the intersection where the accident occurred. Heathers was negligent for either failing to yield the right of way in accordance with Vehicle and Traffic Law § 1140 (a) or seeing that which under the facts and circumstances he should have seen by employing the use of his senses (*see, Kaminski v Modern Italian Bakery, supra; Smalley v McCarthy,* 254 AD2d 478). Accordingly, the jury could not have reached a verdict finding that Heathers was not at fault on any fair interpretation of the evidence. However, the plaintiff is not entitled to judgment as a matter of law in his favor as there is an issue of fact as to whether he was also at fault in causing the accident. Accordingly, the judgment in favor of Lewis C. Kirschner as Public Administrator of Ulster County, o/b/o Glen Heathers must be reversed, and a new trial is granted.

The plaintiff's remaining contentions are without merit. Altman, J. P., McGinity, Feuerstein and Smith, JJ., concur.