■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN DISALVO, and A & S DISALVO CO., INC., Appellants. [727 NYS2d 146] —Appeals by the defendants from two judgments (one as to each defendant) of the Supreme Court, Westchester County (Perone, J.), both rendered July 5, 2000, convicting each of the defendants of grand larceny in the second degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant A & S DiSalvo Co., Inc. (hereinafter A & S), is a Westchester County garbage hauling company which transports both public and private garbage to the Resco Burn Plant (hereinafter Resco) in Peekskill. The defendant Stephen DiSalvo is the president of A & S.

The evidence adduced at trial established that between 1991

and 1997, when A & S was under contract to remove and dump garbage for the Town of Ossining (hereinafter the Town), its drivers commingled the Town's garbage with private garbage from commercial customers under instructions from DiSalvo, thereby causing the Town to be billed for the dumping of the entire load. At trial, the People used as a base line the tonnage collected, dumped, and billed to the Town by DiSalvo in 1998, a year in which the defendants had demonstrably ceased commingling public and private garbage. When the 1998 tonnage (475 tons) was subtracted from the values for 1991 through 1997 (ranging from 717 to 1192 tons), the People established the quantity of improperly commingled commercial garbage to be 3,456 tons, for the disposal of which the Town had paid. The value of this excess tonnage processed at municipal rates was calculated to be $68,417.

Contrary to the defendants' contentions, the "dump tickets" generated by Resco, as well as the electronic transmission of the identical data printed out in the Westchester County Department of Environmental Facilities (hereinafter the Department), were properly admitted into evidence as business records. Those records were the sole sources of billing information on which Westchester County (hereinafter the County) allocated waste-disposal costs among its municipalities. The trial evidence established that the dump tickets and computer printout reflected the weight of the garbage DiSalvo delivered to Resco, as well as the Town's account to which DiSalvo's drivers indicated the deliveries should be charged. Resco's employees entered all relevant information into its computer, which in turn generated the dump tickets and the print-out. Accordingly, the dump tickets and computer print-out were made in the regular course of business, it was the regular course of business of all parties to create such records, the individuals imparting and entering the information had a business duty to do so, and the records were made contemporaneously with the transactions or within a reasonable time thereafter (*see, People v Kennedy,* 68 NY2d 569; *Johnson v Lutz,* 253 NY 124; CPLR 4518 [a]).

Moreover, a proper foundation was established for the admission of those records through the testimony of a prosecution witness who was a solid-waste analyst with the Department and a former weigh-scale supervisor, notwithstanding that the County had not created the records itself (*see, Hefte v Bellin,* 137 AD2d 406; *Kaiser v Metropolitan Tr. Auth.,* 170 Misc 2d 321). The dump tickets and print-out were routinely relied upon by the County in making its invoicing determinations

(*see, People v Cratsley,* 86 NY2d 81, 91; *Plymouth Rock Fuel v Leucadia,* 117 AD2d 727).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendants' guilt of grand larceny in the second degree beyond a reasonable doubt (*see, People v Rossey,* 89 NY2d 970). The defendants' thefts were proven by overwhelming direct evidence, and the circumstantial evidence established the value to be more than $68,000 (*see,* Penal Law § 155.40 [1]; *People v Ficarrota,* 91 NY2d 244; *Matter of Anthony M.,* 63 NY2d 270, 280; *People v Reeves,* 236 AD2d 635; *People v Harris,* 190 AD2d 864). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Harris,* 190 AD2d 864).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Florio, H. Miller and Crane, JJ., concur.