■ BARBARA WALKER, Appellant, v ESTHER T. ESSES et al., Defendants, and JOHN A. ALWAY et al., Respondents. [899 NYS2d 321]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings. County (Vaughan, J.), entered May 14, 2009, which granted the motion of the defendant Marc D. Jones, and the separate motion of the defendants John A. Alway and Sandra A. Alway, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Marc. D. Jones, and the separate motion of the defendants John A. Alway and Sandra A. Alway, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

In support of their separate motions for summary judgment, the defendant Marc D. Jones, and the defendants John A. Alway and Sandra A. Alway (hereinafter collectively the defendants), sustained their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-967 [1992]).

However, in opposition to that showing, the plaintiff raised a triable issue of fact, through the affidavit of her treating chiropractor, as to whether she sustained a serious injury to her cervical spine. The chiropractor's affidavit revealed that the plaintiff had significant range-of-motion limitations in her cervical spine contemporaneous with the accident, and that significant limitations were still present when the plaintiff was examined over two years after the accident. The chiropractor opined that these range-of-motion limitations, which he observed during his own examinations, were permanent and

causally related to the subject accident. Thus, the chiropractor's affidavit was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to her cervical spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Yeong Hee Kwak v Villamar*, 71 AD3d 762 [2010]; *Parker v Singh*, 71 AD3d 750 [2010]; *Benitez v Lashnitz*, 70 AD3d 879 [2010]; *Eusebio v Yannetti*, 68 AD3d 919 [2009]; *Casiano v Zedan*, 66 AD3d 730, 731 [2009]).

Contrary to the defendants' contentions on appeal, the affidavit of the plaintiff's treating chiropractor also adequately explained the gap in her treatment (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]; *Whitehead v Olsen*, 70 AD3d 678 [2010]; *Eusebio v Yannetti*, 68 AD3d 919 [2009]; *Gaviria v Alvardo*, 65 AD3d 567, 569 [2009]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.