Charles v American Dream Coaches (2022 NY Slip Op 06685)

Charles v American Dream Coaches

2022 NY Slip Op 06685

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01727
 (Index No. 100822/16)

[*1]Tyrena S. Charles, appellant,
v
American Dream Coaches, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Peknic, Peknic & Schaefer, LLC, Long Beach, NY (Catherine Papandrew of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated January 10, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On July 17, 2015, shortly after it exited the Holland Tunnel in New Jersey, a vehicle operated by the plaintiff collided with a bus owned by the defendant American Dream Coaches and operated by the defendant Benjamin Nieves. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendants. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the defendants' motion. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (McPhaul-Guerrier v Leppla, 201 AD3d 920, 921, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Charlery v Allied Tr. Corp., 163 AD3d 914, 915 [internal quotation marks omitted]; see Chimbo v Bolivar, 142 AD3d 944, 945).
Here, the defendants failed to establish, prima facie, that they were free from fault in the happening of the accident, because their submissions in support of the motion contained conflicting accounts of how the accident happened, and failed to eliminate triable issues of fact, including which vehicle entered the other vehicle's lane prior to the collision (see Merola v Beaird, 185 AD3d 679, 680; Charlery v Allied Tr. Corp., 163 AD3d at 915).
Contrary to the defendants' contention, the fact that the plaintiff pleaded guilty to the traffic offense of driving or operating a motor vehicle in an unsafe manner does not conclusively [*2]establish that she was negligent (see Ando v Woodberry, 8 NY2d 165, 171; Guarino v Woodworth, 204 AD2d 391, 392). "It is well settled that a person who pleads guilty to a traffic offense is permitted to explain the reasons for the plea, and it is for the jury to decide what weight, if any, to give to the testimony" (Guarino v Woodworth, 204 AD2d at 392). Here, the plaintiff contended that she pleaded guilty, inter alia, because she did not have the money to keep traveling to New Jersey for court appearances, and thus, it is for a jury to evaluate her explanation and determine what weight, if any, the plea is entitled to in determining if she was negligent (see Ando v Woodberry, 8 NY2d at 171; Guarino v Woodworth, 204 AD2d at 392).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court