**Carraway v Larose**

2024 NY Slip Op 31339(U)

April 15, 2024

Supreme Court, Kings County

Docket Number: Index No. 513175/2020

Judge: Wavny Toussaint

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 70 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 15ᵗʰ day of April, 2024.

P R E S E N T:

HON. WAVNY TOUSSAINT,
                              Justice.
-------------------------------------------------------------------X
SIMONE N. CARRAWAY,

                              Plaintiff,                          Index No.: 513175/2020

            -against-

                                                                 **DECISION AND ORDER**

HERMANN LAROSE, BROTHERS MOBILITY LLC,
FEN LIANG, INESA L. ZELDIN, EAN HOLDING LLC
AND PAUL ANTHONY MCINTOSH,                                       Motion Seq. 8

                              Defendants.
-------------------------------------------------------------------X
The following e-filed papers read herein:                        NYSCEF Doc.
Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations) _____                   153-167, 171
Opposing Affidavits (Affirmations)_____                   173-175
Reply Affidavits (Affirmations)_____                    176-177

Upon the forgoing papers, defendants Hermann Larose ("Larose") and

Brothers Mobility LLC ("Brothers Mobility" and collectively as "movants" or

"defendants") move for an order pursuant to CPLR § 3212, granting summary

judgment dismissing the plaintiff's complaint with prejudice due to plaintiff's failure

[* 1]

to sustain a serious injury based on New York State Insurance Law § 5102(d) ("serious injury threshold").

## BACKGROUND

This is a personal injury action stemming from a five-vehicle accident on the eastbound upper level of the Verrazzano Bridge, Staten Island, New York on June 11, 2019. At the time of the accident, plaintiff alleges she was stopped at a red light when she was rear-ended. At the front was a vehicle operated and owned by defendant Paul Anthony Mcintosh. A second vehicle was operated by defendant Inesa L. Zeldin and owned by EAN Holding LLC. A third vehicle was operated and owned by plaintiff. A fourth vehicle was operated and owned by defendant Fen Liang, and a fifth vehicle was operated by defendant Hermann Larose and owned by defendant Brothers Mobility LLC. Plaintiff alleges that the fifth vehicle struck the fourth vehicle, which rear-ended the plaintiff's vehicle and thereby caused plaintiff to rear-end the vehicle directly in front.

## PROCEDURAL HISTORY

On or about July 22, 2020, plaintiff commenced the instant action to recover damages for personal injuries she allegedly sustained in the accident by filing a Summons and Verified Complaint against defendants Hermann Larose, Brothers Mobility LLC, Fen Liang, Inesa L. Zeldin, EAN Holding LLC and Paul Anthony Mcintosh. On or about August 18, 2020, defendant Liang e-filed an Answer with a

2

[* 2]

crossclaim for indemnification or contribution against co-defendants Hermann Larose, Brothers Mobility LLC, Inesa L. Zeldin, EAN Holding LLC, and Paul Anthony Mcintosh.[1] On or about August 24, 2020, defendant Paul Anthony Mcintosh e-filed his Answer with a cross-complaint for contribution and/or indemnification against co-defendants EAN Holding LLC, Inesa L. Zeldin, Brothers Mobility LLC, Hermann Larose and Fen Liang.[2] On or about August 28, 2020, defendants Inesa L. Zeldin and EAN Holding, LLC e-filed their Answer with a crossclaim for indemnification against co-defendants Hermann Larose, Brothers Mobility LLC, Fen Liang, and Paul Anthony Mcintosh.[3] On or about September 1, 2020, defendants Inesa L. Zeldin and EAN Holding LLC, e-filed their Answer to co-defendant Liang's crossclaim and co-defendant Paul Anthony Mcintosh's cross-complaint.[4] On or about October 27, 2020, defendants Hermann Larose and Brothers Mobility LLC e-filed their Answer with a cross-complaint for indemnification against co-defendants Fen Liang, Inesa L. Zeldin, EAN Holding LLC, and Paul Anthony Mcintosh.[5] On or about November 11, 2020, defendants Inesa L. Zeldin and EAN Holding LLC e-filed their Answer to co-defendants Hermann Larose and Brothers Mobility LLC's cross-complaint.[6]

---

[1] NYSCEF Document number 8.
[2] NYSCEF Document number 10.
[3] NYSCEF Document number 14.
[4] NYSCEF Document number 19 and 20.
[5] NYSCEF Document number 22.
[6] NYSCEF Document number 28.

3

[* 3]

By a stipulation of partial discontinuance dated October 25, 2022, the action was discontinued as against defendant Paul Anthony Mcintosh.[7] On August 31, 2023, a Note of Issue was e-filed. By stipulations of partial discontinuance dated October 25, 2023, the action was discontinued as against defendants Inesa L. Zeldin and EAN Holdings, LLC, along with the cross-complaint by co-defendants Hermann Larose and Brothers Mobility and crossclaim by co-defendant Fen Liang against Inesa L. Zeldin and EAN Holdings, LLC.[8] On October 30, 2023, movants e-filed this motion. By attorney affirmation dated December 20, 2023, defendant Fen Liang adopted co-defendants' arguments to dismiss the plaintiff's complaint. In light of the stipulations of discontinuance, the Court will address the motion only as it relates to the movants and co-defendant Liang.

### The Parties' Positions

### Defendants' Motion for Summary Judgment

Defendants contend that plaintiff's alleged injuries fail to constitute a serious injury under any of the nine categories as defined under the New York State Insurance Law § 5102 (d). They argue the evidence coupled with the plaintiff's August 17, 2022 deposition testimony, medical records, and medical report of Dr. Andrew Bazos ("Bazos") show that plaintiff did not sustain a serious injury.

---

[7] NYSCEF Document numbers 102.
[8] NYSCEF Document numbers 152,168 and 169.

4

[* 4]

Defendants additionally submit, *inter alia*, the report of Dr. Appasaheb Naik ("Naik"), plaintiff's treating doctor.

The Naik report provides that the plaintiff had, *inter alia*, diminished range of motion in her cervical spine, lumbar spine, left shoulder, and knee. She also has herniated discs, disc bulges, tears in her left shoulder and a torn meniscus in her left knee. The plaintiff was advised to do, *inter alia*, MRIs, physical therapy, chiropractic treatment and to continue the latter two after subsequent follow-ups.

The Bazos report notes that the plaintiff sustained soft tissue injuries to the cervical spine, thoracic spine, and lumbar spine, left shoulder, and left knee. Dr. Bazos opined that the plaintiff has no accident-related disability or limitations in performing her normal daily activities, has made a complete recovery from her accident-related injuries, requires no additional medical treatment, and did not sustain a diagnosis of acute traumatic right carpal tunnel syndrome as a result of the subject accident.

At her deposition, the plaintiff testified that Dr. Naik told her she was disabled and was unable to perform her functions of her job (as a MTA transit operator).[9] Thereafter, she received acupuncture, chiropractic, physical therapy and electrodes to help with her pain from her injuries.[10] Defendants noted that the plaintiff

---

[9] Plaintiff's EBT tr at page 135, lines 18-25 to page 136, lines 2-5.
[10] Plaintiff's EBT tr at page 131, lines 6-14.

[* 5]

confirmed there were no fractures to her body, and no doctor has told her that she required surgery as a result of the accident.[11] Plaintiff returned to work around August 3, 2019.[12] The plaintiff also testified that she has not made any requests at work for accommodations due to any issues related to the accident.[13] However, she continued to experience pain in her left shoulder, back, knee, and wrist.[14] The plaintiff stopped treatment around October or early November 2019 when she found out she was pregnant.[15]

### *Plaintiff's Opposition*

In opposition, the plaintiff argues she has incurred a significant limitation and loss of use of a body function or system. Plaintiff submits and relies on the medical report of Dr. Joyce Goldberg ("Goldberg"), a physiatrist. After a review of the history, diagnostic test results, medical reports and a physical examination of the plaintiff, Dr. Goldberg opines that the plaintiff's injuries are causally related to the subject motor vehicle accident. In her report, Dr. Goldberg quantified restrictions in the range of motion of plaintiff's cervical spine, lumbar spine, left shoulder, left wrist, and left knee. Dr. Goldberg concludes that the plaintiff has incurred a permanent consequential limitation of her cervical spine, lumbar spine, left shoulder,

---

[11] Plaintiff's EBT tr at page 135, lines14-17.
[12] NYCSEF Doc. No. 165, page 3.
[13] Plaintiff's EBT tr at page 109, line 10-14.
[14] Plaintiff's EBT tr at page 137, lines 16-25 to page 138, lines 2-8.
[15] Plaintiff's EBT tr at page 108, lines 20-25 to page 109, lines 2-9; page 133, lines 2-12.

[* 6]

left wrist, and left knee, will never fully recover, and has permanent impairment and disability.

The plaintiff further argues that she has established a serious injury under the 90/180 category through her deposition testimony, where she testified that prior to the subject accident, she played video games.[16] However, after the accident, she was unable to play video games for three months due to the subject accident's impact to her left hand.[17] Her argument is further supported by the Goldberg medical report in which Dr. Goldberg determined that the subject accident is the sole competent producing cause of the plaintiff's injuries. Dr. Goldberg finds that the plaintiff "has difficulty with prolonged walking, standing, sitting, bending, twisting, driving, sleeping, when lying in bed, when carrying, lifting, pushing and/or pulling heavy objects , when using her left arm/hand, when arising from a chair or bed, when walking up and down stairs and when performing household chores."[18]

***Defendants' Reply***

Defendants contend that the Goldberg report should not be considered, as Dr. Goldberg was never properly disclosed or formally exchanged by the plaintiff. They argue the Goldberg report is conclusory, as it lacks key details including, *inter alia*, a statement of records by specific providers reviewed in preparation of the report;

---

[16] Plaintiff's EBT tr at page 142, lines 5-12.
[17] Plaintiff's EBT tr at page 142, lines 13-25 to page 143, lines 2-8 and 25 to page 144, lines 2-22.
[18] NYCSEF Doc. No. 175, page 5.

7

the doctor's own credentials; the identification of the diagnostic facilities in which the MRI and x-ray films were originated; an explanation for her claim that the plaintiff will live in permanent pain for the rest of her life despite the plaintiff's contradicting testimony. Additionally, the defendants note that there was no reference to the plaintiff's four-year long gap in treatment by the plaintiff or Dr. Goldberg. Defendants reiterates that the plaintiff failed to meet a serious injury threshold particularly under the significant limitation of use of a body function or system category and that plaintiff failed to show she was prevented from performing substantially all materials acts that constituted her usual and customary daily activities for 90 of the first 180 days after the accident. Moreover, they point to Dr. Bazos' report that the plaintiff's disc herniations affecting her cervical spine and lumbar spine and issues to her left knee are pre-existing issues derived from a 2013 accident.

## DISCUSSION

"CPLR 3101(d)(1)(i) requires a party to disclose his or her expert witness and certain expert information when served with a proper demand, but does not require a response at any particular time or 'mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute.' Trial courts are vested with broad discretion 'in making determinations concerning matters of disclosure,' including imposing a penalty on a party for its failure to comply with CPLR 3101(d)(1)(i). Generally, preclusion is unwarranted without evidence of intentional or willful failure to disclose and a showing of prejudice by the party seeking

preclusion." (*Mazzurco v Gordon*, 173 AD3d 1001, 1002 [2d Dep't 2019][internal citations omitted]; *Rivers v Birnbaum*, 102 AD3d 26, 38 [2d Dep't 2012])

Here, the Court has discretion to consider Dr. Goldberg's medical report notwithstanding the plaintiff's failure to disclose Dr. Goldberg prior to the filing of a note of issue (*Id*). Moreover, there is no evidence that the plaintiff's failure to disclose her expert's information was intentional or willful, and there is no showing that her nondisclosure was prejudiced to the defendants, as they had an opportunity to refute the plaintiff's contentions in their reply (*Abreu v Metro. Transp. Auth.*, 117 AD3d 972, 974 [2d Dep't 2014]).

The drastic remedy of summary judgment should be granted only if there are no triable issues of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The burden rests on the party moving for summary judgment, who must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form, demonstrating the absence of material issues of fact (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dep't 2010]). Once the moving party has made a showing of sufficient evidence, the burden shifts to the opposing party to produce evidence in admissible form sufficient to establish the existence of triable issues of fact (*Gesuale v Campanelli & Assocs.*, P.C., 126 AD3d 936, 937 [2d Dep't 2015]). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but

9

[* 9]

merely to determine whether such issues exist" (*Piecraft Wantagh, LLC v Willow Wood Assocs., L.P.*, 216 AD3d 1010, 1013 [2d Dep't 2023]; *Charles v Am. Dream Coaches*, 210 AD3d 948, 949 [2d Dep't 2022]). "If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied" (*Morejon v New York City Transit Auth.*, 216 AD3d 134, 136 [2d Dep't 2023]).

Here, even if the Court were to find that defendants had made a prima facie showing of entitlement to summary judgment, the opposition raises triable issues of fact as to whether plaintiff sustained a serious injury in light of plaintiff's initial treatment records of Dr. Naik and the recent medical report of Dr. Goldberg, which alleges, that after examining the plaintiff and reviewing prior medical records, there were quantified restrictions in the range of motion of plaintiff's cervical spine, lumbar spine, left shoulder, left wrist, and left knee, and that injuries sustained by plaintiff were causally related to the subject accident (*Owens v Elrac, LLC*, 213 AD3d 684, 685 [2d Dep't 2023] citing *Perl v Meher*, 18 NY3d 208, 217-219 [2011]; *Walker v Esses*, 72 AD3d 938, 938 [2d Dep't 2010]).

Generally, a cessation of treatment is not dispositive, and the law does not require a record of needless treatment in order to survive summary judgment (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). However, a plaintiff who claims "serious injury" must offer some reasonable explanation for an extended gap in

[* 10]

treatment or cessation of treatment (*Id.*). This Court has not considered the defendants' contention regarding a gap in treatment, as it was improperly raised for the first time in their reply papers (*Carrier v Gleba*, 213 AD3d 629, 630 [2d Dep't 2023] citing *Diaz–Montez v JEA Bus Co., Inc.*, 175 AD3d 1384, 1386 [2d Dep't 2019]; *Davis–Hassan v Siad*, 101 AD3d 932, 933, [2d Dep't 2012]). In any case plaintiff explains she stopped treatment because she was pregnant.

Accordingly, it is hereby

**ORDERED** that defendants motion for summary judgment to dismiss the plaintiff's complaint (Seq. 08) is hereby denied in its entirety.

This constitutes the decision and order of the court.

ENTER

_____

J.S.C.

Hon. Wavny Toussaint
J.S.C.

11