■ PLYMOUTH ROCK FUEL CORP., Respondent, v LEUCADIA, INC., Formerly Known as JAMES TALCOTT, INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Vaccaro, J.), entered April 2, 1985, which, after a nonjury trial, (1) awarded the plaintiff damages in the principal sum of $19,941.04, and (2) dismissed its counterclaims for failure to make out a prima facie case.

Order and judgment modified, on the facts, by reducing the amount of damages awarded from $19,941.04 to $18,258.93. As so modified, order and judgment affirmed, with costs to the plaintiff, and matter remitted to the Supreme Court, Kings County, for the entry of an appropriate amended order and judgment.

Many of the operative facts herein are contained in a previous determination in this case *(see, Plymouth Rock Fuel Corp. v Leucadia, Inc.,* 100 AD2d 842), whereby this court granted summary judgment to the plaintiff Plymouth Rock Fuel Corp. on the issue of liability, and remitted the case for trial on the issues of damages and the defendant Leucadia's counterclaims. In that prior determination, this court further

held, *inter alia,* that Isaac Silverman, a nonparty to the instant action, had become the defendant's agent for the purpose of ordering fuel oil and related services from the plaintiff. The nonpayment for that fuel oil and related services is the subject of the action at bar.

At the trial, the court admitted into evidence, under the business records exception to the hearsay rule (CPLR 4518 [a]), certain delivery tickets and invoices prepared from information contained in the delivery tickets. The information on the delivery tickets as to the amount, location and date of the fuel delivered or other services rendered was supplied by the contract truckers who made the actual deliveries.

The tickets were admitted in evidence based upon the testimony of the plaintiff's president Harry Scharaga, who, while he lacked personal knowledge of the deliveries themselves, nonetheless, was able through his testimony to establish a sufficient foundation for the admission of the tickets as business records. Since the information contained in the delivery tickets was used in the preparation of the plaintiff's invoices, this practice constituted more than "the mere filing of papers received from other entities" *(Standard Textile Co. v National Equip. Rental,* 80 AD2d 911). The information that the truckers provided was thereby fully incorporated into the plaintiff's records made in the regular course of business through the billing process.

Furthermore, with respect to its counterclaims to recover damages for fraud, the defendant did not establish a prima facie case, since, *inter alia,* no injury was shown *(see, Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467).

Moreover, the trial court did not err in relying upon, as the law of the case, this court's prior determination that Isaac Silverman was the defendant's agent for the purposes of purchasing fuel oil and related services *(see, Plymouth Rock Fuel Corp. v Leucadia, Inc.,* 100 AD2d 842, *supra).* Given that the defendant has presented no evidence to show either that its account was not properly credited for services rendered to Silverman's home, or that the remaining oil was not delivered to the Manhattan properties for which it was ordered, there simply are not present here the kind of "extraordinary circumstances" that would warrant a departure from the law of the case doctrine *(cf. Foley v Roche,* 86 AD2d 887, *lv denied* 56 NY2d 507). Finally, the order and judgment should be modified, but only by adjusting the damages award downward by

$1,682.11, to reflect a credit to the defendant's account which was acknowledged in the plaintiff's amended complaint. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.