■ WILLIAM CONOVER, INC., Doing Business as ALLEN & PALMER, Respondent, v ROBERT L. WALDORF et al., Appellants. [673 NYS2d 770] —Crew III, J. Appeal from a judgment of the County Court of Fulton County (Going, J.), entered January 7, 1997, upon a decision of the court in favor of plaintiff.

At all times relevant to this appeal, defendants were the owners of a residence located in the Town of Lake Pleasant, Hamilton County. The trial testimony revealed that in March 1993 Gary Wicks, a carpenter hired by defendant Robert L. Waldorf to perform certain work on defendants' house, contacted plaintiff for the purpose of completing the installation of the heating system at the residence. After speaking with Wicks and Waldorf and unsuccessfully attempting to obtain the original plans for the heating system, plaintiff's president, William Conover, agreed to complete the installation.

Shortly after work on the heating system commenced, however, a dispute arose between plaintiff and Waldorf as to the scope of the work to be performed. Waldorf testified at trial that, through Wicks, plaintiff was given a specific set of tasks to perform, which did not include essentially redesigning the entire heating system. Conover, on the other hand, testified that he initially was not provided with specific instructions from either Wicks or Waldorf and, lacking such direction and the original design plans, he proceeded to complete the installation according to industry standards. Plaintiff ultimately

billed defendants $2,278.41 for the work performed and, when no payment was forthcoming, commenced this action. Following a nonjury trial, County Court found in favor of plaintiff and a judgment was entered accordingly. This appeal by defendants ensued.

We affirm. Defendants' primary contention on appeal is that County Court erred in admitting into evidence the billing statements prepared by Conover, which were based upon the entries made in the job books maintained by plaintiff's employees.[*] The crux of defendants' objection in this regard is that Conover did not actually perform the work for which defendants were billed and, hence, lacked personal knowledge of the number of hours required to accomplish the particular task. The record reveals, however, that Conover's testimony regarding the circumstances under which the billing statements and the underlying job book entries were prepared was sufficient to qualify such documents as business records within the meaning of CPLR 4518 (see, *Plymouth Rock Fuel Corp. v Leucadia, Inc.*, 117 AD2d 727, 728), and his lack of personal knowledge went to the weight, not the admissibility, of the billing statements (see, CPLR 4518 [a]).

Defendants' remaining arguments do not warrant extended discussion. Contrary to defendants' assertion, we read the underlying complaint as setting forth alternative theories of liability—breach of contract and quantum meruit—and we view the proof adduced at trial to be sufficient to enter judgment in favor of plaintiff under the latter theory. Equally unpersuasive is defendants' argument that plaintiff's failure to comply with General Business Law § 771 precludes recovery in quantum meruit (see, *Mindich Developers v Milstein*, 227 AD2d 536, 537). Accordingly, County Court's judgment in favor of plaintiff is affirmed.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.

---

[*] Conover testified that each employee had his or her own job book, wherein he or she would record the number of hours worked on a particular project each day.