■ VINCENZO PEPE, Respondent, v SHELDON TANNENBAUM et al., Appellants. [719 NYS2d 886] —In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 20, 1999, which denied their motion pursuant to CPLR 3211 (a) (7) and General Business Law § 771 to dismiss the complaint, and (2) an order of the same court dated April 7, 2000, which denied their motion for reargument.

Ordered that the appeal from the order dated April 7, 2000, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 20, 1999, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, a licensed home improvement contractor, commenced this action to recover payment for renovation work he allegedly performed on the defendants' residence based on an oral agreement and a written estimate. The defendants moved to dismiss the complaint on the ground that in the absence of a written agreement in compliance with General Business Law § 771, the plaintiff is precluded from any recovery.

Accepting the plaintiff's allegations as true, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (*see, Leon v Martinez,* 84 NY2d 83, 87-88), we agree with the Supreme Court that the complaint stated a cause of action to recover for the work allegedly performed based on a theory of quantum meruit (*see, Frank v Feiss,* 266 AD2d 825; *William Conover, Inc. v*

*Waldorf,* 251 AD2d 727; *Mindich Developers v Milstein,* 227 AD2d 536). Further, the defendants failed to establish that a check they issued to the plaintiff constituted an accord and satisfaction barring this action (*see, Merrill Lynch Realty / Carll Burr v Skinner,* 63 NY2d 590, 596). Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.