OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
*356 A review of the record on appeal indicates that the parties entered into a signed written home improvement contract on June 17, 1996 which stated that the plaintiffs were to perform certain air conditioning services at the defendant’s residence. While the contract set forth the plaintiffs’ business address, the defendant’s residence address, a description of the work to be performed, the type of ventilator fan which was to be installed and the cost of such work, it is devoid of the other terms required by General Business Law § 771 which governs home improvement contracts.
In our opinion, the lower court did not improvidently exercise its discretion in awarding judgment in favor of the plaintiffs who substantially performed under the contract. The contract indicates that there was a clear meeting of the minds between the parties. Under the circumstances, even absent full compliance with General Business Law § 771, the subject contract was enforceable (see, Wowaka & Sons v Pardell, 242 AD2d 1; see also, Porter v Bryant, 256 AD2d 395). We note that had there been no signed written contract, the plaintiffs would have nevertheless been entitled to an award for completed work based on a theory of quantum meruit (see, Pepe v Tannenbaum, 279 AD2d 620; Frank v Feiss, 266 AD2d 825; William Conover, Inc. v Waldorf, 251 AD2d 727).
Floyd, P. J., Colabella and Coppola, JJ., concur.