OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs motion for summary judgment denied, and matter remanded to the court below for a determination de novo of defendant’s cross motion.
In this action by a health care provider to recover assigned first-party no-fault benefits, plaintiffs motion for summary judgment was supported by an affirmation from plaintiffs counsel, an affidavit by a “corporate officer” of plaintiff, and various documents annexed thereto. The affidavit executed by plaintiffs “corporate officer” stated in a conclusory manner that the documents attached to plaintiffs motion papers were plaintiff’s business records. Defendant opposed plaintiff’s motion and cross-moved to compel depositions of plaintiff, plaintiff’s assignor, and the assignor’s treating physicians. In opposition to plaintiff’s motion, defendant argued that the affidavit by plaintiff’s “corporate officer” was insufficient to establish personal knowledge of the facts set forth therein because the “corporate officer” did not demonstrate that he possessed sufficient personal knowledge of plaintiffs office practices to lay a proper foundation to establish that the documents submitted by plaintiff were admissible pursuant to the business records exception to the hearsay rule (see CPLR 4518). Among other things, defendant submitted an affidavit executed by one of its special investigators, and a report prepared by said investigator, which set forth why the special investigator believed that the injuries allegedly sustained by plaintiff’s assignor were not causally related to a covered accident. The court granted plaintiff’s motion for summary judgment and implicitly denied defendant’s cross motion. Upon this appeal, defendant argues, inter alia, that plaintiff did not demonstrate a prima facie case because it failed to lay a proper foundation for the admission of its documents and that plaintiffs motion should be denied because there was an issue of fact as to whether the alleged injuries were the product of a staged accident. Defendant further asserts that its cross motion should have *46 been granted because there is an issue of fact concerning the causation of the alleged injuries.
It is well settled that summary judgment is appropriate when sufficient evidence in admissible form is presented to demonstrate the absence of any material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Since defendant’s opposing papers contained a timely objection asserting that plaintiff’s motion papers did not make a prima facie showing in admissible form due to plaintiff’s failure to demonstrate that the “corporate officer” possessed personal knowledge concerning plaintiff’s office practices with regard to the subject claim forms, this issue was not waived (cf. Christopherson v Queens-Long Is. Med. Group, P.C., 17 AD3d 393 [2005]; Teig v First Unum Ins. Co., 282 AD2d 669 [2001]; Sam v Town of Rotterdam, 248 AD2d 850 [1998]).
The affidavit submitted by plaintiff’s “corporate officer” failed to demonstrate that he possessed sufficient personal knowledge of plaintiff’s office practices and procedures so as to lay a foundation for the admission of the annexed documents as business records (see CPLR 4518; Hefte v Bellin, 137 AD2d 406, 408 [1988] [“In order to lay the foundation for the doctor’s business record, (the party seeking admission of the record) was required to call a witness with personal knowledge of the doctor’s business practices and procedures”]; Dayanim v Unis, 171 AD2d 579 [1991]; Midborough Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 132[A], 2006 NY Slip Op 51879[U] [App Term, 2d & 11th Jud Dists 2006] [affirmation by an attorney who lacked personal knowledge was insufficient to lay a foundation for a determination that his clients’ documents were admissible as business records]).
A review of the record in Delta Diagnostic Radiology, P.C. v GEICO Ins. Co. (12 Misc 3d 147[A], 2006 NY Slip Op 51557[U] [App Term, 9th & 10th Jud Dists 2006]) reveals that the affidavit which plaintiff submitted in said case was similar to the affidavit in the instant case, in that both affidavits were executed by unspecified “corporate officers.” The Appellate Term for the Ninth and Tenth Judicial Districts stated, “the affidavit plaintiff submitted in support of its motion for summary judgment was sufficient to allow the annexed claim forms, mailing receipts, denials (indicating that defendant received the claims) and other documents to *47 be considered by the court.” (Id. at *1.) However, the argument raised by the defendant in the court below in said case was that plaintiff failed to make a prima facie showing because plaintiff’s affiant did not demonstrate that he possessed personal knowledge of the facts set forth in such records. The Appellate Term for the Ninth and Tenth Judicial Districts rejected this argument. An affiant need only demonstrate that he or she possesses personal knowledge of the office practices such that the affiant can lay a sufficient foundation to establish that such documents are business records (see CPLR 4518; see generally William Conover, Inc. v Waldorf, 251 AD2d 727 [1998]; Matter of Brooke Louise H., 158 AD2d 425 [1990]; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727 [1986]). Given the limited argument raised by defendant in said case, the Appellate Term for the Ninth and Tenth Judicial Districts was not called upon to rule upon the issue presented in this case, to wit, whether the affidavit by the “corporate officer” sufficiently set forth a foundation for the admissibility of the purported business records annexed to said affidavit. We hold that the instant affidavit is insufficient to lay a foundation for the admission of the annexed documents as business records (see CPLR 4518; Hefte, 137 AD2d at 408).
In light of the foregoing, plaintiff failed to tender sufficient proof in evidentiary form to establish its prima facie case (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Midborough Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 132[A], 2006 NY Slip Op 51879[U] [2006], supra; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). To the extent defendant issued denial of claim forms (NF-10s) or admitted receipt of plaintiff’s claim forms, such admissions did not concede the facts asserted in the claim forms and it remained plaintiff’s burden to proffer such evidence in admissible form, which it failed to do (see Midborough Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 132[A], 2006 NY Slip Op 51879[U] [2006], supra). As a result, plaintiffs motion for summary judgment should have been denied.
We note that, even if plaintiff had established a prima facie case, in the instant matter, plaintiffs motion for summary judgment should, in any event, have been denied because defendant’s *48 opposition to plaintiffs motion for summary judgment demonstrated the existence of a triable issue of fact as to whether “the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]).
Inasmuch as defendant’s cross motion to compel depositions was, in effect, denied as academic in light of the Civil Court’s conclusion that plaintiff was entitled to summary judgment, the matter is remanded to the Civil Court for a determination de novo of defendant’s cross motion.
Pesce, P.J., Weston Patterson and Belen, JJ., concur.