OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and judgment directed to be entered in favor of defendant dismissing the complaint.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiffs counsel offered, at the outset of trial, a notice to admit to which defendant had not responded, in order to prove plaintiffs prima facie case, and then rested without calling any witnesses. Of particular relevance to the instant appeal was item 6 of the notice to admit which stated: “Annexed hereto is a true and accurate copy of a Notice of Denial issued by [defendant] dated June 23, 2003.” Annexed to the notice to admit was defendant’s denial of claim form which acknowledged receipt of a claim form and denied the claim pursuant to a peer review report finding a lack of medical necessity. Based upon defendant’s failure to respond to the notice to admit, the court deemed the matters sought therein to have been admitted (see CPLR 3123 [a]). The court also took judicial notice of plaintiffs responses to defendant’s demand for written interrogatories, and the claim form and assignment of benefits form annexed thereto. Based upon the foregoing, the court found that plaintiff made a prima facie case, leaving defendant’s assertion of lack of medical necessity as the only remaining triable issue. Since defendant did not call any witnesses, the court held that defendant did not establish that the treatment rendered lacked medical necessity, and awarded judgment to plaintiff. This appeal by defendant ensued.
The use of a notice to admit in no-fault insurance litigation has become increasingly popular of late, and has been addressed with varying results in the lower courts (compare RJ Med., EC. *27 v All-State Ins. Co., 15 Misc 3d 1140[A], 2007 NY Slip Op 51061[U] [Civ Ct, Bronx County 2007], PDG Psychological, P.C. v State Farm Ins. Co., 12 Misc 3d 1183[A], 2006 NY Slip Op 51398[U] [Civ Ct, Kings County 2006], and Marigliano v State Farm Mut. Auto Ins. Co., 12 Misc 3d 1180[A], 2006 NY Slip Op 51349[U] [Civ Ct, Richmond County 2006], with Seaside Med., P.C. v General Assur. Co., 16 Misc 3d 758 [Dist Ct, Suffolk County 2007], and New York Massage Therapy P.C. v State Farm Mut. Ins. Co., 14 Misc 3d 1231 [A], 2006 NY Slip Op 52573[U] [Civ Ct, Kings County 2006]).
Through the use of a notice to admit, a party can request another party to admit stated facts or the genuineness of a document, where the party requesting the admission “reasonably believes there can be no substantial dispute at the trial and . . . [where the matters] are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry” (CPLR 3123 [a]; see also Taylor v Blair, 116 AD2d 204 [1986]). Copies of the documents must accompany the notice to admit unless they have already been furnished. The notice to admit may not be used to seek information which would not reasonably be expected to be within the personal knowledge of the party served (id.; see also Vasquez v Vengroff, 295 AD2d 421 [2002]). If a party fails to respond to a notice to admit within 20 days after service, the matters therein are deemed admitted for the purpose of the litigation (CPLR 3123 [a]; Marine Midland Bank v Custer, 97 AD2d 974 [1983], affd 62 NY2d 732 [1984]). A matter deemed admitted pursuant to a notice to admit, however, is still “subject to all pertinent objections to admissibility which may be interposed at the trial” (CPLR 3123 [b]), and it is not necessarily of such probative value as to relieve a party of the necessity of establishing its right to ultimate relief upon the trial (see 44A NY Jur 2d, Disclosure § 295, at 189 [1994]).
Accordingly, while it is true that a plaintiff provider establishes a prima facie entitlement to judgment as a matter of law “by submitting evidentiary proof that the prescribed statutory billing form had been mailed and received, and that payment of no-fault benefits was overdue” (Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2004]), this language should not be interpreted as dispensing with the requirement that the provider tender said evidentiary proof of the transaction sued upon “in admissible form” (Zuckerman v City of New York, 49 NY2d 557, 558 [1980]). In Dan Med., P.C. v New York Cent. Mut. *28 Fire Ins. Co. (14 Misc 3d 44 [App Term, 2d & 11th Jud Dists 2006]), this court held that the plaintiff provider was required to lay a proper foundation for the admissibility, under the business records exception to the hearsay rule (CPLR 4518), of the claim forms annexed to its motion for summary judgment in order to establish a prima facie case. Further, to the extent defendant insurer issued denial of claim forms or admitted receipt of plaintiffs claim forms, we held that said admissions were not concessions of the facts asserted in plaintiffs claim forms, and it was plaintiffs burden to proffer such evidence in admissible form (Midborough Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 132[A], 2006 NY Slip Op 51879[U] [App Term, 2d & 11th Jud Dists 2006]). Indeed, absent a foundation to establish the admissibility of the provider’s claim forms as business records, said claim forms do not constitute proof of the “act, transaction, occurrence or event” set forth therein for which plaintiff seeks to recover (CPLR 4518).
In the instant case, the admissions sought by plaintiff in the notice to admit were proper and, in the absence of a response, the court below correctly deemed the genuineness of the claim denial form to have been admitted. However, to the extent that defendant may have admitted, pursuant to CPLR 3123, the genuineness of the claim denial form, it did not thereby concede the admissibility of the provider’s claim form as a business record, pursuant to CPLR 4518, so as to constitute proof of the “act, transaction, occurrence or event” set forth therein, including, but not limited to, the dates of service, the services rendered and the charges therefor (see Midborough Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 132[A], 2006 NY Slip Op 51879[U] [2006], supra). Similarly, even had defendant admitted, pursuant to CPLR 3123, the genuineness of the provider’s claim form which it received, this would not concede the facts set forth on the claim form with respect to the dates of service, the services rendered and the charges therefor. The admission would serve only to acknowledge that this was the claim form that it received.
Thus, it remained plaintiffs burden to proffer evidence in admissible form, i.e., by introducing into evidence the claim form in question by, inter alia, calling a witness to lay a foundation for the admissibility of the claim form as a business record, which plaintiff failed to do (see Dan Med., P.C. v New York Cent. Mut. Fire Ins. Co., 14 Misc 3d 44 [2006], supra). Accordingly, in light of plaintiffs failure to establish the admissibility of its *29 claim form as a business record, plaintiff did not establish a prima facie case and defendant was entitled to judgment dismissing the complaint.
We note that an analogous scenario was presented in the case of Empire State Psychological Servs., P.C. v Travelers Ins. Co. (13 Misc 3d 131 [A], 2006 NY Slip Op 51869[U] [App Term, 2d & 11th Jud Dists 2006]), where plaintiff’s sole proof at trial consisted of defendant’s response to written interrogatories in which defendant admitted that it received plaintiffs claim form and that it denied said claim based upon lack of medical necessity. We held that said response did not establish plaintiff’s prima facie case. Defendant’s admission of receipt of a document denominated a claim form did not concede that plaintiffs claim form was admissible as a business record so as to constitute proof of the transactions set forth therein (CPLR 4518) and, thus, defendant was entitled to judgment dismissing the complaint (cf. Fair Price Med. Supply, Inc. v St. Paul Travelers Ins. Co., 16 Misc 3d 8 [App Term, 1st Dept 2007]).
We further note, in any event, that with exceptions not applicable herein, a plaintiffs responses to interrogatories may not be used as proof of plaintiffs prima facie case (see CPLR 3131, 3117).
Pesce, PJ., Rios and Belen, JJ., concur.