*292 OPINION OF THE COURT
Peter P. Sweeney, J.
Plaintiff Second Medical, PC., as assignee of Marvin Calender, commenced this action to recover assigned first-party no-fault benefits. The trial of the action took place on December 20, 2007. The only witness to testify was Inga Lev, the president of Maugust, Inc., the company that does plaintiffs medical billing.
The issue presented is whether Ms. Lev’s testimony was sufficient to establish the admissibility of the underlying no-fault claim form, which incorporated information contained in medical records which were neither offered nor admitted in evidence and which were never shown to be admissible under any hearsay exception. The court answers this question in the negative.
Factual Background
Ms. Lev testified that once a week, someone from plaintiffs office would deliver to her a number of patient files. Each file contained one or more medical reports which described the nature of the services that plaintiff purportedly provided to a particular patient. Each file also contained an executed assignment of benefits form and information identifying the insurer who was responsible for payment of first-party no-fault benefits.
Either Ms. Lev or one of her coworkers would prepare no-fault claim forms based upon the information contained on the documents contained in patient files and mail the claim forms to the insurers responsible for payment of the first-party no-fault benefits along with an executed assignment. Ms. Lev gave no testimony concerning the practices and procedures that plaintiff utilized in creating the documents contained in the patient files.
Ms. Lev testified that she prepared the no-fault claim form in this action pursuant to the above procedures and mailed it to the defendant with an executed assignment on November 20, 2002. She testified that as of the date of trial, the first-party no-fault benefits due and owing were not paid. In its denial of claim form, which was received in evidence, defendant acknowledged receiving the claim form on November 25, 2002. When plaintiffs counsel offered the claim form in evidence, defendant’s counsel objected arguing that Ms. Lev failed to lay a proper foundation for its admission as a business record pursuant to CPLR 4518 (a).
Relying primarily on Pine Hollow Med., P.C. v Progressive Cas. Ins. Co. (13 Misc 3d 131[A], 2006 NY Slip Op 51870[U] *293 [App Term, 2d & 11th Jud Dists 2006]), plaintiffs counsel argued that since Ms. Lev established plaintiff had a business duty to Maugust to deliver the patient files and that Maugust routinely relied on the medical reports and other documents contained in the files and fully incorporated them into no-fault claim forms which it created in the regular course of its business, a proper foundation for the admission of the claim form as a business record was laid.
The court reserved decision on defendant’s objection. The parties thereafter submitted memorandums of law in support of their respective positions. For the reasons stated below, the court now sustains defendant’s objection.
Legal Analysis
A plaintiff provider establishes a prima facie entitlement to judgment as a matter of law “by submitting evidentiary proof that the prescribed statutory billing form had been mailed and received, and that payment of no-fault benefits was overdue” (Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742, 742-743 [2004]). It is now clear that this language should not be interpreted as dispensing with the requirement that the provider tender evidentiary proof of the transaction sued upon “in admissible form” (Bajaj v General Assur., 18 Misc 3d 25, 27-28 [App Term, 2d & 11th Jud Dists 2007]). Thus, to prevail in an action to recover first-party no-fault benefits, the provider must proffer evidence in admissible form establishing the facts asserted in the underlying no-fault claim form (see Dan Med., P.C. v New York Cent. Mut. Fire Ins. Co., 14 Misc 3d 44, 47 [App Term, 2d & 11th Jud Dists 2006] [“(t)o the extent defendant issued denial of claim forms (NF-10s) or admitted receipt of plaintiff’s claim forms, such admissions did not concede the facts asserted in the claim forms and it remained plaintiff’s burden to proffer such evidence in admissible form, which it failed to do”]; see also Bajaj, supra; Midborough Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 13 Misc 3d 132[A], 2006 NY Slip Op 51879[U] [App Term, 2d & 11th Jud Dists 2006]).
Here, plaintiff attempted to prove the facts asserted in the claim form by offering it as a business record pursuant to CPLR 4518 (a). CPLR 4518 (a), which sets forth the criteria for admission under what is commonly referred to as the business record exception to the hearsay rule, provides:
“Any writing or record, whether in the form of an *294 entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter.”
The three foundation requirements of CPLR 4518 (a) are
“first, the record must be made in the regular course of business — reflecting a routine, regularly conducted business activity, needed and relied on in the performance of the functions of the business. Second, it must be the regular course of business to make the record — in other words, the record was made pursuant to established procedures for the routine, habitual, systematic making of such a record. Finally, the record must have been made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter, assuring that the recollection is fairly accurate and the entries routinely made” (People v Cratsley, 86 NY2d 81, 89 [1995], citing People v Kennedy, 68 NY2d 569, 579-580 [1986]).
It is well settled that in order to lay these foundational requirements, the proponent of the record must call as a witness someone with knowledge of the maker’s business practices and procedures (see e.g. Blair v Martin’s, 78 AD2d 895 [2d Dept 1980]; Sabatino v Turf House, 76 AD2d 945, 946 [3d Dept 1980]; see also Hefte v Bellin, 137 AD2d 406, 408 [1st Dept 1988]). The witness need not have made the record or even be familiar with the record (Faust v New York City Tr. Auth., 4 Misc 3d 89, 91 [App Term, 2d & 11 Jud Dists 2004]). It is not even required that the witness be a current or former employee of the business that created the record (see e.g. People v Cratsley, 86 NY2d 81 [1995]; People v Meekins, 34 AD3d 843, 845 [2d Dept 2006]; People v DiSalvo, 284 AD2d 547 [2d Dept 2001]; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727 [2d Dept 1986]; William Conover, Inc. v Waldorf, 251 AD2d 727 [3d Dept 1998]). However, unless the witness demonstrates some familiarity with the particular record keeping procedures of the business that created the record “such that he [can] state that the record he received was made in the regular course of [that] business, that *295 it was in the regular course of [that] business to make the record and that it was made contemporaneously with [the events recorded in the record]” the record is inadmissible (People v Surdis, 275 AD2d 553, 554 [3d Dept 2000]).
Here, Ms. Lev did not demonstrate any familiarity with plaintiffs business practices and procedures. Accordingly, she did not establish that the documents contained in Mr. Calender’s patient file were business records within the meaning of CPLR 4518 (a). Further, she did not establish the admissibility of the file documents under any other hearsay exception. Since all the documents contained in Mr. Calender’s patient file constituted inadmissible hearsay, it necessarily follows that the no-fault claim form, which incorporated these records, is also hearsay.
Plaintiffs reliance on Pine Hollow Med., PC. is misplaced. In Pine Hollow Med., P.C., the court stated that
“it is well-settled that where an entity ‘routinely relies upon the business records of another entity in the performance of its own business’ . . ., and ‘fiilly incorporate[s]’ said information into records made in the regular course of its business . . . , the subsequent record is admissible notwithstanding that the preparer lacked personal knowledge of the information’s accuracy” (13 Misc 3d 131 [A], 2006 NY Slip Op 51870[U], *1-2 [2006] [citations omitted and emphasis added]).
While this is a true statement of law, it was never demonstrated in this case that the documents contained in the patient files which Ms. Lev and her coworkers routinely relied upon and fully incorporated into the no-fault claim forms qualified as business records within the meaning of CPLR 4518 (a). The root of plaintiffs argument appears to be that the term “business records” as used in Pine Hollow Med., P.C. means any records, including records that may constitute hearsay. The premise of plaintiffs argument is without logic or support and is belied by the cases cited in Pine Hollow Med., P.C.
In all the cases cited in Pine Hollow Med., PC., where documents were admitted in evidence through the testimony of a witness who was neither a current nor former employee of the person or entity that created the documents, the witness had demonstrated his or her familiarity with the business practices and procedures pursuant to which the documents were created. These witnesses were therefore able to qualify the documents *296 as business records. In People v Cratsley, the foundation witness testified that the IQ test report that was admitted in evidence was prepared by an independent psychologist as an initial evaluation of a client, that it was conducted in accordance with her employer’s requirements and on her employer’s behalf, that the report was prepared at the time the examination took place and that the examination was conducted to fulfil certain statutory and regulatory requirements with which she was familiar (86 NY2d at 88). In People v DiSalvo, the foundation witness testified that he was familiar with the specific business practices and procedures of the dump site facility that created the records which the court admitted in evidence (284 AD2d at 548-549). In Plymouth Rock Fuel Corp. v Leucadia, Inc., the foundation witness testified that the fuel oil delivery tickets that were admitted as evidence were prepared by contract drivers that were hired by his company who had a business duty to record certain information on the tickets, including the amount, location and date of fuel delivered (117 AD2d at 728).
Here, plaintiff laid absolutely no foundation for the admission of the documents contained in Mr. Calender’s patient file. To accept plaintiffs interpretation of Pine Hollow Med., PC., this court would have to conclude that these documents were admissible notwithstanding that plaintiff had never demonstrated that the informant had personal knowledge of the acts, events and occurrences that the records document and was under a business duty to report them to the entrant. This court would also have to conclude that it was not necessary for the plaintiff to demonstrate that it was within the scope of the entrant’s business duty to record the acts, transactions and occurrences and that each participant in the chain producing the records, from the initial declarant to the final entrant, was acting within the course of regular business or that the declarations contained in the records were admissible through some other hearsay exception. As stated by the Court of Appeals in Matter of Leon RR (48 NY2d 117, 122-123 [1979]):
“To constitute a business record exception to the hearsay rule, the proponent of the record must first demonstrate that it was within the scope of the entrant’s business duty to record the act, transaction or occurrence sought to be admitted. But this satisfies only half the test. In addition, each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting *297 within the course of regular business conduct or the declaration must meet the test of some other hearsay exception (Johnson v Lutz, 253 NY 124, 128; Toll v State of New York, 32 AD2d 47, 50). Thus, not only must the entrant be under a business duty to record the event, but the informant must be under a contemporaneous business duty to report the occurrence to the entrant as well (Richardson, Evidence [10th ed-Prince], § 299). The reason underlying the business records exception fails and, hence, the statement is inadmissible hearsay if any of the participants in the chain is acting outside the scope of a business duty (Johnson v Lutz, supra) . . .
“Unless some other hearsay exception is available (Toll v State of New York, supra), admission may only be granted where it is demonstrated that the informant has personal knowledge of the act, event or condition and he is under a business duty to report it to the entrant (Johnson v Lutz, supra; cf. Model Code of Evidence rule 514).”
In sum, since the documents contained in Mr. Calender’s patient file constituted hearsay, the no-fault claim form which was based on the information contained in these documents is also hearsay. Hearsay cannot be transformed into nonhearsay simply because a business routinely relies upon it and integrates it into its own records.
Inasmuch as plaintiff did not proffer evidence in admissible form establishing the facts asserted in the claim form, plaintiff did not make out a prima facie case.
Accordingly, it is hereby ordered that judgment be entered in favor of the defendant dismissing plaintiffs complaint.