OPINION OF THE COURT
Katherine A. Levine, J.
*241 Plaintiff, Yklik Medical Supply, Inc., a medical supply provider, brings this action pursuant to Insurance Law § 5106 (a) to recover $317 in unpaid bills for medical equipment it provided to its assignor Tammy Agosto, with statutory interest and attorney fees. Yklik moves for summary judgment based upon a claimed prima facie showing that its bills were properly submitted and that the defendant Allstate Insurance Company failed to pay or deny the claim within 30 days. Plaintiff also asserts that defendant’s denial was untimely.
Defendant Allstate Insurance Company opposes the motion, asserting that plaintiff has failed to establish a prima facie case since the affidavit of plaintiffs billing manager is not based on his personal knowledge of the plaintiffs office practices and billing procedures. Of greater import, Allstate contends that since plaintiffs claims were in excess of the fee schedule contained in the Workers’ Compensation Law, and since defendant made a partial payment to plaintiff, a triable issue of fact exists as to whether defendant paid the appropriate amount for medical services, hence mandating a denial of summary judgment.
A medical provider must limit its charges to those permitted by approved fee schedules (Insurance Law § 5108 [a]; 11 NYCRR 68.0 [f]) “which protects a patient from erosion of available benefits by inflated charges.” (Complete Orthopedic Supplies, Inc. v State Farm Ins. Co., 16 Misc 3d 996, 1005 n 13 [Civ Ct, Queens County 2007], citing Ops Gen Counsel NY Ins Dept No. 04-06-11 [June 2004].) The fees for services and procedures are governed by the workers’ compensation fee schedule (11 NYCRR 68.1) and durable medical goods fees are governed by the New York Medicaid fee schedule (11 NYCRR Appendix 17-C part F) (collectively referred to as fee schedule).
Ordinarily, a fee schedule dispute raises a triable issue of fact, hence defeating a plaintiffs motion for summary judgment. 0Complete Orthopedic Supplies at 1005.) However, plaintiff contends that defendant is barred from even raising the defense that the bills exceeded the fee schedule or partial payment of the claim because defendant failed to submit a timely denial. In its papers in opposition, defendant summarily asserts that it issued a timely denial. However, during oral argument, defendant asserted that since it paid the bills in accordance with the fee schedule, and since plaintiff is not entitled to be compensated in excess of the fee schedule, that it need not file a timely denial or any denial.
It is clear that plaintiff has established its prima facie case. The affidavit of plaintiffs billing manager exhaustively details *242 the record keeping procedures of the business, and clearly sets forth the procedures for the creation and retention of bills, of which he has personal knowledge. (See Manhattan Med. Imaging, P.C. v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 1144[A], 2008 NY Slip Op 51844[U], *1 [Civ Ct, Richmond County 2008], citing Second Med., P.C. v Auto One Ins. Co., 20 Misc 3d 291, 294-295 [Civ Ct, Kings County 2008].) The affidavit further details that the bills at issue were made and kept in the ordinary course of business at the time the services were rendered and sets forth the precise mailing procedure that was followed. Moreover, the billing manager personally packaged, sealed, applied postage to and mailed the bill and supplies.
The burden then shifts to the defendant in a no-fault case to show a triable issue of fact. (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].) To defeat an award of summary judgment to plaintiff, defendant must provide proof, in evidentiary form, that it either paid or denied the claim within 30 days of receipt or that it asserts a nonprecludable defense. (Carle Place Chiropractic v New York Cent. Mut. Fire Ins. Co., 19 Misc 3d 1139[A], 2008 NY Slip Op 51065[U] [Nassau Dist Ct 2008]; see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997].)
Pursuant to Insurance Law § 5106 (a) and 11 NYCRR 65-3.5, an insurer is required to either pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date an applicant supplies proof of claim or it will be precluded from offering any defenses at trial (preclusion rule). (Park Slope Med. & Surgical Supply, Inc. v Country-Wide Ins. Co., 19 Misc 3d 1138[A], 2008 NY Slip Op 51063[U], *2 [Civ Ct, Richmond County 2008], citing Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889, 889-890 [2d Dept 2007]; Presbyterian Hosp., 90 NY2d at 278.)
As recently summarized by this court in Manhattan Med. {supra), the Court of Appeals has reaffirmed that there is only one narrow exception to the preclusion rule — where an insurance company raises the defense of lack of coverage. (See Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 563-564 [2008]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317-318 [2007].) In those cases the insurer who fails to issue a timely denial is not precluded from later raising this defense because “the insurance policy does not contemplate coverage in the first instance, and requiring pay *243 ment of a claim upon failure to timely disclaim would create coverage where it never existed.” (Hospital for Joint Diseases at 318.)
Thus, the “key issue” in every case is whether the “facts fit within the narrow no-coverage exception to the preclusion rule” (10 NY3d at 564). A court, in determining whether a specific defense is precluded under the 30-day rule or falls within the exception, must assess whether the defense is more like a “normal exception” from coverage such as a policy exclusion or a lack of coverage in the first instance, i.e., a defense “implicat[ing] a coverage matter.” (10 NY3d at 565.)
The typical defenses that fall within the rubric of lack of coverage are that of a staged automobile accident (Fair Price Med. Supply Corp. v Travelers Indem. Co., 42 AD3d 277, 284 [2d Dept 2007]; Matter of Liberty Mut. Ins. Co. v Goddard, 29 AD3d 698, 699 [2d Dept 2006]; Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92, 94 [App Term, 2d Dept 2004]); where the claimant’s injuries arose out of a prior work-related accident rather than a car accident (Chubb, 90 NY2d 195 [1997]); or where the insurance company has articulated a founded belief that the plaintiff is fraudulently incorporated (Bay Plaza Chiropractic, P.C. v State Farm Mut. Auto. Ins. Co., 21 Misc 3d 1102[A], 2008 NY Slip Op 51925[U] [Civ Ct, Richmond County 2008]; Matter of Andrew Carothers, M.D., P.C. v Insurance Cos. Represented by Bruno, Gerbino & Soriano LLP, 13 Misc 3d 970 [Civ Ct, Richmond County 2006]).
A medical provider must limit its charges to those permitted by approved fee schedules (Insurance Law § 5108 [a]; 11 NYCRR 68.0 [f]) “which protects a patient from erosion of available benefits by inflated charges.” (Complete Orthopedic Supplies, Inc. v State Farm Ins. Co., 16 Misc 3d 996, 1005 [2007], citing Ops Gen Counsel NY Ins Dept No. 04-06-11 [June 2004].) The fees for services and procedures are governed by the workers’ compensation fee schedule (11 NYCRR 68.1) and durable medical goods fees are governed by the New York Medicaid fee schedule (11 NYCRR Appendix 17-C part F). An insurer who raises this defense will prevail if it demonstrates that it was correct in its reading of the fee schedules unless the plaintiff shows that “an unusual procedure or unique circumstance justifies the necessity” for a charge above the schedules’ fee (11 NYCRR 68.4; Complete Orthopedic Supplies, 16 Misc 3d at 1005). However, before this defense can be invoked an insurer must prove a timely denial.
*244 In Fair Price (10 NY3d 556 [2008]), the Court distinguished the defense that the assignor never received the medical supplies from the plaintiff from the defense raised by the insurance company in Chubb (supra) — that the claimant’s injuries arose out of a prior related accident rather than a car accident. Only the latter — “a lack of coverage” defense — fell outside the preclusion rule since if in fact the injuries were unrelated to the accident, the treatment would not have been covered by the automobile liability policy in the first instance. (10 NY3d at 564, quoting Chubb at 199.) The defense that the billed-for services were never rendered, on the other hand, was more akin to a normal exception from coverage, like the defense of billing for unnecessary procedures found by the Chubb court to fall within the preclusion rule. (10 NY3d at 564, citing Chubb, 90 NY2d at 199 [overbilling does not ordinarily implicate a coverage matter].) This is so because in both situations there was an actual accident and an actual injury, where “coverage legitimately came into existence.” (Id. at 565, quoting Fair Price, 42 AD3d at 285.)
The same reasoning applies to the defense that the claims were in excess of a fee schedule. The parties do not dispute that the assignor is entitled to no-fault insurance benefits. There was an actual accident where the assignor sustained real injuries; the assignor was covered by defendant under an actual insurance policy; and the assignor was prescribed medical equipment which Yklik provided and for which the insurer was billed. Thus, an insurer can only preserve a fee schedule defense by first complying with the 30-day rule and issuing a timely denial. (Complete Orthopedic Supplies at 1005; Jamil M. Abraham M.D. P.C. v Country-Wide Ins. Co., 3 Misc 3d 130[A], 2004 NY Slip Op 50388[U], *2 [App Term, 2d Dept 2004] [“by virtue of a timely claims denial an insurer is entitled” to raise a fee schedule defense and establish that charges exceeded those permitted by law]; see Forrest Chen Acupuncture Servs., P.C. v GEICO Ins. Co., 54 AD3d 996 [2d Dept 2008].)
In light of these opinions, it is clear that the defenses of fee schedule noncompliance and partial payment made in accordance with the fee schedule are precluded if defendant fails to disclaim coverage in timely a manner pursuant to the no-fault regulations. Here, the denial annexed to plaintiffs papers as exhibit 3 reveals that defendant received the claims on July 10, 2007 and mailed the denial on September 4, 2007, waiting ap *245 proximately 56 days to send out its denial. By failing to timely submit its denial, defendant is precluded from raising the defense of noncompliance with the fee schedule and summary judgment is granted to plaintiff.