OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and complaint dismissed.
At the trial of this action by a provider to recover assigned first-party no-fault benefits, the court admitted a series of documents into evidence, over defendant’s objection, upon the testimony of plaintiff’s sole witness, the billing manager for Advanced Health Care Solutions (AHCS), a company that was hired by plaintiff to handle its no-fault billing. Defendant appeals from the judgment entered in plaintiff’s favor, arguing that the witness failed to lay a business records foundation for the documents, that he was incompetent to do so, and that without said documents plaintiff failed to establish its entitlement to be paid (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Dan Med., P.C. v New York Cent. Mut. Fire Ins. Co., 14 Misc 3d 44 [App Term, 2d & 11th Jud Dists 2006]). We agree.
 The witness testified that plaintiff’s no-fault claim forms were prepared by plaintiff and transmitted electronically to AHCS to be printed and mailed to defendant. He further testified that the remaining subject documents were forwarded by plaintiff to AHCS. Even assuming that the witness was familiar with plaintiff’s business practices and procedures (see *21 People v Surdis, 275 AD2d 553 [2000]), and that, as an employee of plaintiffs billing company, the witness would be competent to testify about such practices and procedures (see Hochhauser v Electric Ins. Co., 46 AD3d 174, 182 [2007]), he still failed to establish, by laying the requisite foundation (see CPLR 4518 [a]), that the documents were plaintiffs business records and, therefore, admissible in court pursuant to the business records exception to the rule against hearsay (see id.; People v DiSalvo, 284 AD2d 547 [2001]; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727 [1986]; Bajaj v General Assur., 18 Misc 3d 25, 28 [App Term, 2d & 11th Jud Dists 2007]; Second Med., P.C. v Auto One Ins. Co., 20 Misc 3d 291 [Civ Ct, Kings County 2008, Peter Paul Sweeney, J.]). Upon reconsideration of this court’s decision in Pine Hollow Med., EC. v Progressive Cas. Ins. Co. (13 Misc 3d 131[A], 2006 NY Slip Op 51870[U] [App Term, 2d & 11th Jud Dists 2006]), we conclude that the law was misapplied to the facts presented in that case. Accordingly, to the extent that it is not in accord with this decision, it should no longer be followed.
In light of plaintiffs failure to establish the admissibility of its evidence, including its claim forms, plaintiff did not establish a prima facie case (see Bajaj, 18 Misc 3d at 29). Even under the standard set forth in Pine Hollow Med., P.C. (13 Misc 3d 131[A], 2006 NY Slip Op 51870[U] [2006]), the witness’ testimony was not sufficient to lay the proper foundation for the records plaintiff sought to introduce into evidence because AHCS did not incorporate plaintiff’s records into its own records, but merely received, printed and mailed them. Accordingly, defendant was entitled to judgment dismissing the complaint.
Pesce, EJ., Weston and Golia, JJ., concur.