*722 OPINION OF THE COURT
Genine D. Edwards, J.
In the instant actions for no-fault benefits, bench trials were held on April 13, 2011 and April 14, 2011. After establishing how the bills were created and given to Israel & Israel for mailing, plaintiffs witness, Vladmir Grinsberg, could not set forth how the bills were mailed. Mr. Grinsberg instead offered that the denial of claims indicated defendant received the bills. Plaintiffs counsel contended that the defendant’s denial of claim forms were admissible as party admissions for the limited purpose of proving the bills were mailed and received. Defendant objected and argued that plaintiff has to lay a foundation for the admission of the denial of claim forms. Hence, a directed verdict should be rendered in defendant’s favor in all three actions.
This court requested post-trial memoranda regarding the admissibility of the defendant’s denial of claim forms as party admissions for the limited purpose of establishing that plaintiff mailed its bills to the defendant.
After due deliberation of the evidence adduced at trial, as opposed to documents annexed to a summary judgment motion, this court adheres to the Appellate Term’s ruling that denial of claim forms shall be admitted into evidence only upon the laying of a business record foundation. (Bath Med. Supply, Inc. v Utica Mut. Ins. Co., 23 Misc 3d 141 [A], 2009 NY Slip Op 51030[U] [App Term, 2d, 11th & 13th Jud Dists 2009]; Bajaj v General Assur., 18 Misc 3d 25 [App Term, 2d Dept 2007].) Besides testifying that he received the denial of claim forms, Mr. Grinsberg failed to proffer any evidence to authenticate the denial of claim forms.
Accordingly, defendant’s motions for directed verdict in each of the three actions are granted because plaintiff failed to shoulder its prima facie burden.