OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that the branch of plaintiffs motion seeking a final order of preclusion is granted; as so modified, the order is affirmed, without costs.
*28 In this action by a provider to recover assigned first-party no-fault benefits, the parties entered into a “so-ordered” stipulation in which defendant agreed to serve responses to plaintiffs interrogatories within 60 days of the date of the “so-ordered” stipulation or be precluded from offering evidence at trial. After defendant failed to serve its responses by the specified date, in fact serving them more than one year later than required, plaintiff moved for a final order of preclusion and, upon preclusion, for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court denied plaintiffs motion, finding that plaintiff had not been prejudiced by the late service of the responses, and denied defendant’s cross motion, on the ground that there were issues of fact precluding summary judgment. Both parties appeal.
The “so-ordered” stipulation functioned as a conditional order of preclusion, which became absolute upon defendant’s failure to timely and sufficiently comply therewith (see Panagiotou v Samaritan Vil., Inc., 66 AD3d 979 [2009]; Blumenthal Chiropractic, P.C. v Praetorian Ins., 34 Misc 3d 135[A], 2011 NY Slip Op 52386[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; Colonia Med., P.C. v Liberty Mut. Fire Ins. Co., 34 Misc 3d 127[A], 2011 NY Slip Op 52283[U] [App Term, 2d, 11th & 13th Jud Dists 2011]). Nevertheless, plaintiff moved for a final order of preclusion. Although it was unnecessary for plaintiff to make such further application to the court, in doing so, plaintiff authorized the court to revisit the issue of preclusion and to consider defendant’s opposition thereto. In order to avoid the adverse impact of the stipulation, defendant was required to demonstrate a reasonable excuse for the failure to timely comply with the stipulation, as well as the existence of a potentially meritorious defense to the action (see Kirkland v Fayne, 78 AD3d 660 [2010]). While defendant may have demonstrated a potentially meritorious defense to the action, it failed to demonstrate any excuse for its failure to timely comply with the stipulation. The Civil Court denied plaintiffs motion for preclusion and, upon preclusion, for summary judgment, thereby, in effect, vacating the final order of preclusion, which had become absolute. In our opinion, this was an improvident exercise of discretion since defendant did not offer any excuse for its 13-month delay in complying with the stipulation. Accordingly, the branch of plaintiffs motion seeking a final order of preclusion should have been granted.
A defendant’s preclusion from introducing evidence at trial does not automatically entitle a plaintiff to summary judg *29 ment or relieve the plaintiff of the burden of proving its case (see Mendoza v Highpoint Assoc., IX, LLC, 83 AD3d 1 [2011]). In the instant case, plaintiffs moving papers failed to establish a prima facie entitlement to summary judgment (see CPLR 4518; Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d, 11th & 13th Jud Dists 2011]; Dan Med., P.C. v New York Cent. Mut. Fire Ins. Co., 14 Misc 3d 44 [App Term, 2d & 11th Jud Dists 2006]). Accordingly, the Civil Court properly denied the branch of plaintiffs motion seeking summary judgment.
On appeal, defendant argues that it was not precluded from offering evidence in support of its cross motion for summary judgment because the so-ordered stipulation barred it only from offering evidence “at trial.” However, to allow defendant to use evidence in support of its cross motion which it is barred from introducing at trial “would perversely undermine the point of the order by allowing defendant to benefit from the shortcut of summary judgment by use of the same evidence that otherwise would have been barred at trial” (Mendoza, 83 AD3d at 9). Accordingly, defendant’s cross motion for summary judgment, which sought to establish that the equipment provided by plaintiff was not medically necessary, was properly denied, albeit on grounds other than those set forth by the Civil Court.
Pesce, P.J., Weston and Rios, JJ., concur.