A & S Medical Supply, Inc., as Assignee of Abram Aranbayev, Respondent,
against
MVAIC Ins. Co., Appellant.




Marshall & Marshall, PLLC (Naim M. Peress and Jeffrey Kadushin of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered April 14, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,751.43.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
At the commencement of a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits from Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC Ins. Co.), the parties stipulated that since the sole issue was whether plaintiff had exhausted its remedies, "if [MVAIC] can prove . . . that there was potential coverage through the assignor's son who . . . lived with him on the date of the loss, then MVAIC has no burden to pay . . . these claims." The only witness at trial was an employee of the New York Liquidation Bureau (NYLB), who testified pursuant to a subpoena served by MVAIC. He stated that, after the Supreme Court had entered an order placing Long Island Insurance Company (LIIC) into liquidation, NYLB had seized all of LIIC's books and records, and administered LIIC's claims, and that LIIC was closed. In response to the subpoena, he reviewed documents in a file seized from LIIC regarding a particular date of loss, a named person and a claim number. Among the documents he reviewed was an insurance policy from LIIC which was apparently issued to a [*2]person living at the same address as plaintiff's assignor and whose name was the same as the assignor's son with the exception of one letter. The Civil Court held that the documents were not admissible because the NYLB witness was unable to establish that the documents were admissible as business records pursuant to CPLR 4518. Although the court stated that the witness was credible, the court held that the issue to be resolved "was whether or not there was an insurance policy or coverage at the time of the accident" and that MVAIC had failed to sustain its burden.
The record establishes that NYLB seized records of LIIC after an order of liquidation of LIIC had been entered by the Supreme Court. Moreover, claims examiners employed by NYLB utilize the records to administer outstanding no-fault claims which have been submitted to LIIC. As NYLB incorporates and relies upon the records of LIIC, the records are admissible (see People v DiSalvo, 284 AD2d 547 [2001]; Plymouth Rock Fuel Corp. v Leucadia, Inc., 117 AD2d 727 [1986]; cf. West Val. Fire. Dist. No. 1 v Village of Springville, 294 AD2d 949 [2002]). Since the pretrial stipulation simply required MVAIC to prove "that there was potential coverage," MVAIC was not required to prove that "there was an insurance policy or coverage at the time of the accident." In light of the foregoing, MVAIC sustained its burden of proving "that there was potential coverage." Plaintiff, as assignee, was required to exhaust its remedies against all potential insurance carriers before seeking relief from defendant (see Hauswirth v American Home Assur. Co., 244 AD2d 528 [1997]; Orlin & Cohen Orthopedic Assoc. v Motor Veh. Acc. Indem. Corp., 58 Misc 3d 132[A], 2017 NY Slip Op 51778[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Here, plaintiff did not demonstrate that it had exhausted its remedies.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 11, 2019